### Stafford, survivor, &c. *vs.* Richardson.

An action against an *attorney,* for monies collected by him, must be brought within six years after the money is received by him, or the plaintiff will be barred by the *statute of limitations :* the fact that a *demand* was *not made* within six years before suit brought, will not save the statute.

The rule requiring a *demand before suit,* is for the *protection* of the attorney against costs, and cannot be converted into a means of *annoyance.*

The *statute of limitations* may be pleaded by an *attorney* in a suit against him by his *client :* the doctrine that a *trustee* cannot plead the statute does not apply to such case.

A demand barred by the statute is revived only by an *express promise,* or an *admission of a subsisting debt* which the debtor is willing to pay.

This was an action of *assumpsit,* brought to recover the amount of a demand of about $450 against S. I. Genung, placed by the plaintiff and his partners, in 1814, in the hands of the defendant, an attorney at law, for collection. This suit was commenced in 1831. The defendant pleaded the general issue and the statute of limitations. *The cause was heard. before referees.* In November, 1814, the defendant wrote to the plaintiffs that he thought he would secure the demand against Genung without fail, and hoped to be able to forward a part of it in a short time ; and on the 27th of the following month he sent to them $50, received of Genung. Genung testified that he paid the whole of the plaintiff's demand to the defendant: about $120 in cash and in a good note, and the residue in harness and saddlery, turned out to the defendant on appraisement, and that the last of the payments was made about May, 1816 ; that he took a discharge, but it was destroyed. He further testified, that in 1831 the defendant asked him if he could give him any information as to the demand of Stafford, &c. against him the witness, and that he

told the defendant that if he would go and look at his docket he would find that the last payment was about $100 and $10 costs, and that it was discharged on his docket. The defendant appeared anxious to find out something about the demand, and the witness observed to him that it was *outlawed;* to which the defendant answered, " It wont do for a man in my standing to plead the statute of limitations; I will pay it if it has not been paid, if it takes the last shirt off my back." On the same day or the next, the defendant told the witness that he had examined his docket and had found it as the witness had stated he would—and further that he had found some papers or receipts of the plaintiffs, and that he was satisfied that the *demand had been paid over.* The attorney for the plaintiffs testified that on the day of the commencement of the suit he demanded payment of the defendant, who complained that the plaintiffs should have called on him so long after the demand was collected, *if collected at all;* said they ought to have made their claim before, and that the claim was hatched up by Genung and a Mr. Brown. He *denied* that he had ever received of Genung any part of the demand, except about $100, which he had *remitted to the plaintiffs.* On being told what Genung said about the manner in which it had been paid, he observed that he did not believe Genung, and added, if Mr. Stafford would *prove to his satisfaction* that the whole of their claim was paid by Genung, he would pay it if it took the last shirt from his back ; he did not believe it could be proved by any person except Genung, that he ever had any harness on the debt at all. The referees reported that they found that no action had accrued to the plaintiff at any time within six years before the commencement of the suit, and that the plaintiff ought not to recover against the defendant. The plaintiff moved that the report be set aside.

*W. T. Worden & B. Davis Noxon*, for the plaintiff, insisted that no action laid against the defendant, until a *demand* was made by the plaintiff, and as such demand was not made until the day of the commencement of the suit, the statute of limitations was no bar. In *Taylor* v. *Bates*, 5 *Cowen*, 376, the court say an *attorney* is not liable to a suit for money collected

NEW-YORK, May, 1836.

Stafford
v.
Richardson.

till demand made or directions given to remit. In a subsequent case, an attachment was refused against an attorney for not paying over money collected, no demand having been made, 6 *Cowen*, 596. So when a note was made payable 24 months after demand, the statute was held no bar to a note 13 years old, the demand not having been made within 3 years before the trial. *Thorpe* v. *Booth*,1.*Moody & Ryan*,338. This case also is analogous to that of a factor or consignee, in respect to whom the statute runs only from the time of demand or order to remit,20 *Johns. R.*576. So also the defendant may well be considered as a *trustee,* and therefore could not avail himself of the statute, *Ballantine on Limitations,* 309, 369. *Blanchard on same,* 40. 5 *Johns. Ch.R.*513. 7 *id.* 122. 5 *Cowen,* 376. 10 *Johns. R.* 285. 3 *Littell,* 177. But if wrong in these positions, they then insisted that the evidence showed a new promise, or such a recognition of indebtedness that a promise might be implied.

*W. H. Seward & J. C. Spencer,* for the defendant. The plaintiff's right of action was complete when the defendant accepted the property turned out in payment by Genung, or at least within a short time thereafter. He had been apprised that the debt would in all probability be speedily collected, and received a partial payment in 1814, and yet no suit was brought until 1831. He has been guilty of gross laches, and the statute bars the demand. The cases cited from 5 *Cowen,* 376, and 6 *id.* 596, will not help the plaintiff; they only establish the principle that an attorney cannot be proceeded against for money collected by him until after demand to pay over ; and do not support the doctrine that a demand against an attorney is never barred where a right of action once existed, unless the client lays still for more than six years after demand. The principle established in those cases is for the protection, not the annoyance of an attorney. Had the defendant been called to account in equity, instead of being sued at law, he might there as well as here have pleaded the statute of limitations. The relation between attorney and client is not of that species of trust which is not affected by the statute ; it is only when the trust is a mere creature of equity

and only cognizable there, that it is not allowed to plead the statute. In relation to the evidence produced by the plaintiff, to take this case out of the statute, the counsel contended that it was not sufficient to establish a new promise, or such a re-cognition as would authorize the implication of a promise.

NEW-YORK,<br>May, 1836.<br><br>Stafford<br>v.<br>Richardson.

*By the Court*, SAVAGE, Ch. J. Two principal questions arise in this case ; 1. At what time did the plaintiff's cause of action accrue? and, 2. If it accrued more than six years before suit brought, was there a new promise to pay, or a sufficient recognition of an existing indebtedness from which to presume a promise ? According to the case of *Beardsley* v. *Root*, 11 *Johns. R.* 464, the defendant had received money for the plaintiff when he had received the harness, or money's worth, and discharged the plaintiff's demand against Ge-nung. It does not appear that the defendant had any special authority to take harness or any other property on account of the plaintiff; he acted, therefore, upon his own responsi-bility, and comes precisely within the case above cited. Hav-ing received the plaintiff's money, he should either have remitted it to him, or given him notice of having received it, that the plaintiff might have called for it, or ordered it to be remitted. The defendant had actually remitted fifty dollars, as appears in the case, without waiting for orders for that purpose. Assuming that the defendant neglected to give the information to his client, and having converted to his own use his client's money, why should he not be sub-jected to an action ? It is said that in *Taylor* v. *Bates*, 5 *Cow.* 376, it was decided that an *attorney* is not liable for money collected till demand made or directions to remit; that he is not in default until he receives orders from his principal. What was there said, was correct in that case, and in all sim-ilar cases. In that case, however, the defendant was not in default in respect to remittance ; he had informed his princi-pal of his receipt of the money, and waited for directions to remit. It is expressly said that " no laches are shown on the part of the defendant or unwillingness to pay." Can that be said in this case ? Assuming, as we must from the testimony, that the defendant received the property of Genung and

discharged his client's debt, and neither gave information of the receipt of the money, nor remitted it to him for sixteen years, can it be said that there was no laches ? And yet this must be said to bring this case within the principle of the case of Taylor v. Bates.    But if an attorney may shield himself from responsibility upon the ground that no demand has been made, it does not follow that the client can excuse his laches by a principle which is intended to protect from costs an agent who has acted honestly and diligently in the business of his principal.    Although the defendant may have been guilty of negligence in this case, which would have subjected him to a suit, the plaintiff also has been guilty of negligence by which, in an ordinary case, he would have lost his right of action.    He was informed in December, 1814, that his debt against Genung would probably be collected in the ensuing winter, and yet he makes no enquiry about it for sixteen years.    Although, therefore, an attorney may protect himself from a suit by want of a demand, he is not for that reason, to be subject all his life time to demands however stale. If a demand was necessary in this case, the plaintiff should have made it in season to have brought his suit within six years, after the defendant had converted the property received by him to his own use.    That conversion was made, according to the testimony in the year 1815 or 1816.    The plaintiff, therefore, should have brought his suit within six years from that time ; and it is no excuse for him that he had made no demand.    It was his own fault that he had not put himself in a condition to sue, and he can never take advantage of his own laches.

The next question is, whether there was a sufficient promise to revive the demand.    The rule of this court, since the case of Sands v. Gelston, 15 Johnson, 511, and Bell v. Morrison, 1 Peters, 351, is, that there must be either an *express promise*, or a clear *recognition of the present existence of the demand*, from which a promise may be implied.    Two conversations of the defendant are relied on ; one with Genung, the other with Campbell.    In both, he made use of the same strong expression of a determination to pay the demand, if he had received it, and had not paid it over ; but, in both, he

strenuously denied his liability to pay it. It is immaterial for this purpose whether he denied ever having received it; or, having received it, asserted that it was paid over. The principle is this, that a debt barred by the statute connot be revived without an admission that there is a *subsisting debt which the debtor is willing to pay.* It can hardly be argued, that the defendant, in either conversation, taking it all together, admitted that he had money in his hands which belonged to the plaintiff. It is said, however, that there was a conditional promise. It was this: the defendant said, if Mr. Stafford would prove to his satisfaction that the whole of their claim was paid by Genung, he would pay it; but, at the same time he declared that he did not believe Genung. This promise amounts to nothing. It is easy for him to say that he is not satisfied; and it may well be more difficult to satisfy him than a third person, who had had no agency in the transaction. He surely did not intend to say, that he would pay the demand, if payment was proved by Genung. He had just been informed what Genung had said about it and declared that he did not believe him. He no doubt had more confidence in his own recollection, than in Genung's; and he relied upon his invariable practice to pay over to his clients what belonged to them. I consider it entirely useless to go into an elaborate review of the numerous cases cited upon the argument. I am quite confident, not one of them will be found to conflict with the principles upon which I have put this case. The idea of a trust is not applicable to a case like this; it is the simple case of an agent receiving the money of his principal which the principal neglected to call for, until the agent is protected by the statute of limitations. No subsequent available promise having been made, the defendant is not legally liable.

Motion to set aside report of referees denied.