# FOURTH DEPARTMENT,

AT

# GENERAL TERM,

## January, 1879.

16 409
7ap464

GEORGE BRUST, APPELLANT, *v.* JOSEPH B. BARRETT, RESPONDENT.

*Check — when barred by the statute of limitation.*

April 1, 1865, defendant drew a check upon a bank for $430.49 to the order of, and delivered the same to, Stephen A. Shepard, who on the same day indorsed and transfered the check to one Reed. It remained in the latter's possession until April, 1875, having been mislaid, when it was presented to the bank and payment refused. In an action upon the check against the drawer, *held,* that it was barred by the statute of limitations.

Whether or not the drawer had funds on deposit in the bank at the time the check was drawn, or within six years thereafter, held to be immaterial.

APPEAL from an order of the Special Term in Genesee county, setting aside a verdict in favor of the plaintiff and granting a new trial, on a case.

The action was brought for the recovery of the amount of a bank-check, given by the defendant to Stephen A. Shepard, and by Shepard indorsed and delivered to John Reed, the assignor of the plaintiff. The only defense, which it is material to notice, was the statute of limitations. At the trial, the plaintiff produced and proved the check, which was as follows:

HUN.—VOL. XVI.      52

" $430.49. ELBA, *April* 1, 1865.

"First National Bank of Batavia. Pay to Stephen A. Shepard or order four hundred and thirty dollars and forty-nine cents, and charge to

"(Signed). J. B. BARRETT.

(Indorsed). "STEPHEN A. SHEPARD."

The plaintiff gave evidence tending to show that the check was delivered to the payee for a valuable consideration, on the day of its date, and that it was transferred by the payee to Reed on the same day; that it remained in Reed's possession until on or about the 1st day of April, 1875, it having been accidentally mislaid by him, when he presented it to the bank on which it was drawn and demanded payment, which was refused ; and that he immediately gave notice of such demand and refusal to the defendant and demanded payment of him, and he refused. The action was commenced on 25th September, 1876. The defendant's counsel gave evidence, under the plaintiff's objection and exception, tending to show that the defendant had no funds on deposit with the drawee, subject to the payment of the check on the 1st day of April, 1865, or at any time within six years thereafter. The defendant's counsel requested the court to charge that the check was due at its giving, and unless presented within six years from its date, it was barred by the statute of limitations. The court declined so to charge and the defendant excepted. The plaintiff had a verdict which the Special Term set aside, on the ground that the demand was barred by the statute.

*M. H. Peck*, for the appellant. The liability of the drawer of a check is no more primary and absolute, than is that of the indorser of a promissory note. (*Cruger* v. *Armstrong*, 3 Johns. Cases, 5; S. C., Ct. Errors, 7 Hill, 425; *Murray* v. *Judah*, 6 Cow., 484; *Harker* v. *Anderson*, 21 Wend., 372; *Judd* v. *Smith*, 3 Hun, 190; *Conkling* v. *Gandall*, 1 Keyes, 228; Edwards on Bills and Notes, 396; Story on Prom. Notes, 492; 2 Abb. Pr. R., 301, 305; 12 Barb., 298.) It is a patent absurdity to hold that a cause of action has accrued, and at the same time determine that the party cannot enforce it, until he has taken further pre-

liminary steps, indispensable to his right to institute a suit upon it. (*Payne* v. *Gardner*, 29 N. Y., 146; *Purdee* v. *Fish*, 60 id., 265; Edwards on Bills and Notes, 398; Story on Prom. Notes, 497.) No delay in taking these preliminary steps to fix the drawer's direct liability will discharge him, or impair his liability, unless he is actually damnified thereby. (Daniels on Negotiable Instruments, § 1589; *Little* v. *Phœnix Bank*, 2 Hill, 425; *Mohawk Bank* v. *Broderick*, 10 Wend., 306; *Elting* v. *Brinkerhoff* 2 Hall, 463; *Purchase* v. *Mattison*, 6 Duer, 589; *White* v. *Canal Bk.*, 8 N. Y., 170.)

*L. N. Bangs*, for the respondent. The check was due at its giving, and the statute commenced to run from its date. (*Salter* v. *Burt*, 20 Wend., 205; *Smith* v. *Miller*, 43 N. Y., 171–175; 4 Mason, 336–345; *The Pittsburg and Connellsville R. R. Co.* v. *Byers*, 32 Penn. St. R., 22; *La Forge* v. *Jayne*, 9 id., 77; *Morrison, Admin'rs* v. *Mullen*, 34 id., 12; *The Pittsburg and Connellsville R. R. Co.* v. *Graham*, 36 id., 410; *Rhines, Adm'rs* v. *Evans*, 66 id., 192; *Codman* v. *Rogers*, 10 Pick., 112–119; Angell on Limitations [3d ed.], § 96; 2 Schouler on Personal Property, 689; *Wilkinson* v. *Verür*, 6 English L. R. Com. Pl., 206–209; *Whitehead* v. *Walker*, 9 Meeson & Welsby, 506–513; *The East India Co.* v. *Paul*, 1 English L. & E. R., 44–49; *Beltrey* v. *Faulkner*, 3 Barn. & Ald., 288–292; *Short* v. *McCarthy*, 3 id., 626; *Whitehouse* v. *Fellows*, 100 English Com. Law, 765; *Northrop* v. *Hill*, 57 N. Y., 351.) The drawer had no funds in bank at the giving of the check and for more than six years thereafter. No presentment and notice was therefore necessary. The check was due immediately at its giving, and for want of funds an action could have been maintained against the drawer immediately, and the statute therefore runs from the date of the check. (Edwards on Bills [1st ed.], 397; *Mohawk Bank* v. *Roderick*, 10 Wend., 304; *Franklin* v. *Vanderpool*, 1 Hall, 78; *Fitch* v. *Redding*, 4 Sandf. Sup. C. R., 130; *Coyle* v. *Smith*, 1 E. D. Smith Com. Pl. R., 400; *Reddington* v. *Gilman*, 1 Bos., 235–241; *Johnson* v. *Bank of North America*, 5 Robertson, 554–595, *Hoyt* v. *Seeley*, 18 Conn., 353; *Emery* v. *Hobson*, 63 Me., 32.

Smith, J. :

The paper upon which the claim in suit arose was an ordinary bank check. The check was not presented to the bank on which it was drawn until ten years after it was given to the payee, and the only question in the case is whether, by reason of such delay, the holder's right of action against the drawer is barred by the statute of limitations. We are not aware of any case in which the question has been decided. The numerous cases in the books, which treat of the question when the statute of limitations begins to run upon promissory notes payable on demand, are not strictly analagous to this. The engagement of the maker of a promissory note is absolute, but that of a drawer of a check is conditional only, depending upon the refusal of the drawee to pay on presentment and demand, within a reasonable time. The question, what is a reasonable time for such presentment and demand, depends upon circumstances. If, for instance, the drawee fails or becomes insolvent after the giving of the check, the payee is held to the shortest period within which, consistently with the ordinary employments and duties of commercial business, the duty of presentment and demand could be performed. (Story on Pr. Notes, § 497.) But where no change of circumstances has occurred in the intermediate time, between the drawing and presentment of the check, materially affecting the rights or interests of the drawer in respect to the drawee, the drawer will, in general, remain liable. But in no reported case in which the latter rule was applied, so far as we have observed, did the delay of the holder exceed the period fixed by the statute of limitations for bringing an action upon the check. That fact exists here, and we are inclined to hold with the Special Term that it is fatal to the cause of action.

Bank checks are not designed or intended to be outstanding for years. The holder has it in his power to make the liability of the drawee absolute at any time. We are not prepared to hold that, by omitting to make the necessary demand, he may suspend the statute for an indefinite period. If he may suspend it as against the drawer, it must follow that the statute will also be suspended in favor of the drawer as against the bank. If the drawer has funds in the bank, the latter is liable to him for refusing payment. (*Marzetti* v. *Williams*, 1 Barn. & Adolph., 415; *per* Nelson, J.,

*Little* v. *Phœnix Bank*, 2 Hill, 431.) A demand after six years cannot be good as against the drawer, unless the bank is under an obligation to pay, notwithstanding an unexplained delay for that period of time. But it would be a harsh rule which would make a bank liable to its depositors, for refusing to pay out its funds upon a check of that suspicious character.

In many cases where the nature of the obligation was such that the party was only bound to pay on demand, it has been held that the statute began to run, although no demand had been made. Those cases proceed upon the principle, that as the rule requiring a demand is for the protection of the party sought to be made liable it cannot be used for his annoyance, and the fact that the opposite party omits to make a demand which he can make at any time will not save the statute. *Stafford* v. *Richardson* (15 Wend., 302) was an action against an attorney for moneys collected by him. More than six years had elapsed subsequently to the collection of the money before suit was commenced, and the statute of limitations having been pleaded, the plaintiff relied upon the fact that no demand was made until the commencement of the suit, to take the case out of the statute. The defense prevailed. SAVAGE, Ch. J., delivering the opinion of the court, treated the case as one in which the attorney might shield himself from responsibility, on the ground that no demand had been made, and said: "Although, therefore, an attorney may protect himself from a suit by want of a demand, he is not for that reason to be subject all his lifetime to demands, however stale. If a demand was necessary in this case, the plaintiff should have made it in season to have brought his suit within six years after the defendant had converted the property received by him to his own use" (page 306). That case was referred to with approbation, and the doctrine above expressed was reiterated by the Superior Court of New York, in *Lyle* v. *Murray* (4 Sandf. Sup. Ct. R., 590). The same doctrine seems to have been asserted by the Court of Appeals, in *White* v. *Sutherland*, decided in June, 1870, but not reported. (See note of the decision in 2 Alb. L. Jour., 50, 51.) The case of *Palmer* v. *Palmer* (36 Mich. R., 487) is to the same effect. In that case the action was brought on a promissory note, payable thirty days after demand. The note was dated 16th Octo-

ber, 1867, and no demand was shown to have been made until 22d May, 1874. The statute of limitations was pleaded and held to be a bar. CAMPBELL, J., delivering the opinion of the court, said : " Whatever may have been the ancient prejudice against , statutes of limitation, they are now regarded as just, and entitled to be fairly construed. If a creditor has the means at all times of making his cause of action perfect, it would be unjust and oppressive to hold that he could postpone indefinitely the time for enforcing his claim by failing to present it. He is really, and in fact, able at any time to bring an action, when he can by his own act fix the time of payment. It is no stretch of language to hold that a cause of action accrues for the purpose of setting the statute in motion as soon as the creditor by his own act, and in spite of the debtor, can make the demand payable. It may be otherwise, possibly, where delay is contemplated by the express terms of the contract, and where a speedy demand would manifestly violate its intent. But where no delay is contemplated, the rule is just and reasonable, and the presentment should be reasonably prompt, or the creditor should be subjected to the operation of the statute." We concur in these views, and think them applicable to the case at bar.

In coming to the conclusion that the statute of limitations is a defense, we attach no importance to the testimony introduced by the defendant tending to show that he had no funds in the bank.

But, for the reasons above stated, we think the order appealed from should be affirmed.

MULLIN, P. J., and TALCOTT, J., concurred.

Order of Special Term affirmed.