MARY DRAKE RESPONDENT, *v.* CHRISTIAN WILKIE, EXECUTOR, ETC., OF CHAUNCEY LOVELACE, DECEASED, APPELLANT.

*Statute of limitations — effect of the limitations prescribed by the Code of Civil Procedure upon causes of action existing at the time of its adoption — a legacy must be demanded, before an action will lie therefor — 2 R. S., 114, sec. 9 ; Code of Civil Procedure, secs. 1819, 410, 414 — when the statute only runs from the time the party had actual knowledge of his rights.*

April 5, 1872, the defendant's testator died, leaving a will by which he bequeathed to the plaintiff a legacy of $400, with interest to commence one year after his death. The plaintiff, who resided in Missouri, claimed to have been informed by the executor, the defendant, that the deceased had left her a legacy of $300, payable at a future time, for which he would then give her $280 ; that relying upon this statement she accepted the said sum and gave him a receipt for $300. In February, 1881, she was first informed of the amount of the legacy left to her, and in June, 1881, she commenced proceedings in the Surrogate's Court to compel the payment of the balance due her thereon. The executor had never filed any inventory, nor had he had his account judicially settled.

*Held*, that although prior to the adoption of the Code of Civil Procedure there was no statute of limitations applicable, in express terms, to such proceedings in a Surrogate's Court, yet, as the plaintiff then had a concurrent remedy by action at law, the statutory limitation applicable to the latter was also applicable to the former proceeding.

That as the plaintiff's right of action was not barred by the statutes in force at the time of the adoption of the first part of the Code of Civil Procedure, September 1, 1877, and as it did not fall within any of the exceptions specified in section 414 thereof, it was thereafter governed by the rules therein prescribed.

That as section 9 of 2 Revised Statutes, 114, giving a right of action for a legacy, and section 1819 of the Code of Civil Procedure, which took the place of the said section of the Revised Statutes upon its repeal by chapter 245 of 1880, required a demand for the legacy to be made upon the executor before any

action could be brought therefor, the limitation applicable to the cause of action thereby given was prescribed by section 410 of the said Code.

That as this case fell within the first of the exceptions specified in the said section, and as by it the time is to be computed only from the time when the person having the right to make the demand has actual knowledge of the facts upon which that right depends, the statute did not begin to run against the plaintiff's cause of action until February, 1881.

That as the plaintiff had a right to maintain an action at law to recover the legacy at the time these proceedings were instituted in the Surrogate's Court, they were not barred by the statute of limitations.

Subdivision 3 of section 414 of the Code of Civil Procedure was not intended to deprive any cause of action of the remedial provisions of the new Code in respect to the limitation of actions, to which it would be entitled otherwise.

_House_ v. _Agate_ (3 Redf. Sur. R., 307), criticised and distinguished.

APPEAL from a decree of the surrogate of Genesee county, requiring the appellant, as executors, etc., of Chauncey Lovelace, deceased, to pay to the respondent the balance of a legacy alleged to be due her under the will of said testator, together with the costs of the proceeding prosecuted for the purpose of compelling such payment.

_A. J. Lorish_ and _M. H. Peck_, for the appellant.

_H. B. Cone_, for the respondent.

SMITH, P. J.

Chauncey Lovelace died 5th April, 1872, leaving a will dated 15th December, 1863, which was proved and recorded in the office of the surrogate of the county of Genesee, by which he bequeathed to the respondent the sum of $400, in the words following, to wit: "I give and bequeath to said Mary Drake * * * the sum of four hundred dollars, with interest, to commence in one year after the day of my death, and provided she shall die before she shall inherit the sum of four hundred dollars, then in that case the said four hundred dollars shall be paid by my said executor to the said Mary Drake's children, to be equally divided between them, share and share alike."

Mary Drake was an adopted child of the testator, he having no child of his own. She had married several years before his death, and at the date of his will she resided with her husband in the State of Missouri, and has lived there ever since.

The respondent testified that she received a letter from the executor, or at least a letter written in his name, advising her that she had

a legacy of $300 under the testator's will, payable at a future time, and proposing that if she would throw off twenty dollars, he would pay her $280 and advance the money; that she, confiding in such statement, replied, accepting the proposition; and that she afterwards received the $280 and sent her receipt for $300. The executor testified that he never wrote a letter, or caused one to be written, to the respondent, but the fact was admitted on his part before the surrogate, that on or about 30th October, 1872, the executor sent, or caused to be sent, to the respondent a draft or check for $280, as payment upon said legacy, with request to acknowledge the receipt of the same, and that the same was received by her, and her receipt for $300 was returned therefor. According to the testimony of the respondent (which was not controverted on that point), she was not informed of the true amount of the legacy until February, 1881. The executor had sufficient assets to pay all bequests in full. He never filed an inventory, and there has been no judicial settlement, or other proceeding, respecting said estate, other than the present proceeding, which was commenced 28th June, 1881.

It appeared, before the surrogate, that in January, 1869, the testator sent to the respondent $100 at her request, which the executor claims was intended as a payment of the legacy, pro tanto, or at least as a loan. The surrogate held that it was neither an ademption nor a loan, but was a gift, and on a review of the evidence, we see no reason to differ with him on that point.

It is also contended by the learned counsel for the appellant, that the claim of the respondent is barred by the statute of limitations. Prior to the Code of Civil Procedure, there was no statute of limitations which applied, in express terms, to a proceeding like the one before us. But by statute the respondent had a concurrent remedy by action at law, and the general rule is undisputed, that where there is a legal, as well as an equitable remedy, in respect to the same subject matter, the latter is subject to the same statutory limitation as the former. The real question, therefore, is whether the respondent's legal remedy was barred before she commenced this proceeding.

A right of action to recover a legacy did not exist at common law; it was given by statute. The Revised Statutes, in defining the cases in which such an action would lie, provided, among other

things, that it might be brought "after reasonable demand made." (2 R. S., 114, § 9.) If the proper construction of the statute were that such demand was a prerequisite to the cause of action, the six years' limitation would not have run against the respondent, for the reason that no demand was made until a few weeks before this proceeding was begun. But there are numerous cases in the books, decided since the Revised Statutes took effect, and prior to the present Code, where actions at law, or proceedings before a surrogate to enforce payment of a legacy, have been held barred by the six years' statute, irrespective of the question whether a demand had been made or not. (*Am. Bible Soc.* v. *Hebard*, 51 Barb., 552; S. C. affirmed, 41 N. Y., 619.) Those cases probably proceeded upon the ground that the object of the statute, in requiring a demand before suit, was to protect the executor against costs and not to subject him to stale demands, and doubtless that is the true construction. So that although, by the terms of the section, a demand and refusal are essential to the right of action, yet the omission of the claimant to make demand does not prevent the running of the statute of limitations. Upon the same ground it has been held that although an attorney-at-law is not, in general, liable to an action for moneys collected by him, until after demand, yet the action must be brought within six years after his receipt of the money, or it will be barred, notwithstanding no demand has been made. This was held expressly in *Stafford* v. *Richardson* (15 Wend., 302). There are other cases to the like effect, and some, not in entire harmony with them, collated in Mr. Throop's note to section 410 of the Code of Civil Procedure. That section, as explained in the note, was designed to settle the question to which the cases above referred to relate. It contains the following provisions, to wit: "Sec. 410. Where a right exists, but a demand is necessary to entitle a person to maintain an action, the time, within which the action must be commenced, must be computed from the time when the right to make the demand is complete; except in one of the following cases: (1.) Where the right grows out of the receipt or detention of money or property, by an agent, trustee, attorney or other person acting in a fiduciary capacity, the time must be computed from the time when the person, having the right to make the demand, has actual knowledge of the facts

upon which that right depends." The remainder of the section does not affect the question under consideration.

That section took effect September 1, 1877, before the expiration of six years after the time when the legacy in question was payable, by the terms of the will, and it seems to apply to actions given by section 9 of the Revised Statutes. For, by the provisions of that section, as we have seen, a demand is necessary to the right of action, although the statute of limitations would begin to run without a demand; and the words "trustee," "or other person in a fiduciary capacity," as used in section 410 of the Code, include an executor.

Section 9 of the Revised Statutes was repealed by chapter 245 of the Laws of 1880, and section 1819 of the Code of Civil Procedure, which took effect the 1st day of September, 1880, was substituted for it. That section is as follows: " Sec. 1819. If after the expiration of one year from the granting of letters testamentary, or letters of administration, an executor or administrator refuses, upon demand, to pay a legacy or distributive share, the person entitled thereto may maintain such an action against him as the case requires. But for the purpose of computing the time within which such an action must be commenced, the cause of action is deemed to accrue when the executor's or administrator's account is judicially settled, and not before." Mr. Throop's note to this section states that it was prepared to change the rule with respect to the statute of limitations, laid down in the case of the *American Bible Society* v. *Hebard* (*supra*). That section was in force when this proceeding was commenced, and it, as well as section 9 of the Revised Statutes, makes a demand and refusal a prerequisite to a cause of action, so that if the respondent had brought an action at law for her legacy, under either section, when she commenced this proceeding, it would have been controlled by section 410.

By section 414 of the Code of Civil Procedure, the provisions of the fourth chapter of said Code, including section 410, apply, and constitute the only rules of limitation applicable to a special proceeding as well as a civil action, unless the same falls within one of the exceptions specified in said section 414. The only one of those exceptions which it is necessary to consider, is that contained in the

third subdivision of said section. That subdivision applies to a case arising subsequently to the first day of July, 1848, in which a person is not only entitled to commence, but actually commences, an action or special proceeding, before the expiration of two years after said act took effect. In every such case, the effect of the subdivision is, that the provisions of law which were applicable to such case immediately before the Code of Civil Procedure took effect, continue to be so applicable, notwithstanding their repeal. The purpose of that subdivision, as we read it, was to preserve for two years after the Code took effect, causes of action which otherwise would have been cut off by various provisions of the Code shortening the period theretofore allowed for the bringing of certain actions therein specified. New provisions, having that effect, are found in section 382 subdivision 6, in each of the subdivisions of section 383 and in section 384; and perhaps there are others. Causes of action falling within either of those provisions were kept alive for two years by the third subdivision of section 414, on a compliance with its conditions; but we think that subdivision was not designed to deprive any cause of action of the remedial provisions of the new Code in respect to the limitation of actions, to which it would be entitled otherwise. As the present proceeding was not commenced within two years after the new Code took effect, it is not within the letter of the subdivision; and if we are right in our construction, it is not within its intent, and the case is governed by section 410.

The learned counsel for the appellant cites *Cole* v. *Terpenning* (25 Hun, 482); *House* v. *Agate* (3 Redf. Sur. R., 307; McClellan's Sur. Pr. [2d ed.], 557, 579; and Redf. Sur. Pr. [2d ed.], 585), in support of his position that section 410 does not apply to this case. *Cole* v. *Terpenning* is in harmony with the views above expressed. It holds, merely, that a petition in the Surrogate's Court to compel an executor to pay a legacy must be filed within the time in which actions of a similar character are required to be commenced, in courts of common law or equity. *House* v. *Agate*, decided by the experienced surrogate of Westchester county, in November, 1877, was to the same effect. It held, also, in accordance with what we have already said, that the omission of the legatee to make a demand does not prevent the running of the statute of limitations. The case went further, and held that

section 410 of the Code of Civil Procedure did not apply to the case, for two reasons : (1.) That the legatees had knowledge of the facts upon which their right to make a demand depended, more than six years before they made their application to compel the executor to pay ; and (2), that no demand was necessary to enable them to maintain the application. The case was properly decided upon the first ground stated, but, with all due respect, the latter reason assigned by the learned surrogate seems to us irrelevant. The real question was not whether a demand was necessary to maintain the proceeding before the surrogate, but it was whether the applicants were barred of their concurrent remedy by action at law ; and as to that remedy a demand was necessary, as we have seen already. A better reason for holding that section 410 was not applicable to the proceeding which the surrogate had before him was, that the proceeding was begun in June, 1877, before the section took effect. Mr. Redfield, in his valuable treatise on the "Law and Practice of Surrogates' Courts" (p. 585), has been led into an error, as we conceive, by the case of *House* v. *Agate*, in saying as he does, upon its authority, that "inasmuch as a demand is not necessary to entitle a legatee or distributee to maintain an action or proceeding for his legacy or share, the time cannot be computed from the time when the claimant has actual knowledge of the facts." As we have seen, the provisions of the fourth chapter of the Code of Civil Procedure expressly apply, and constitute the only rules of limitation applicable to a civil action *or special proceeding*, except in the cases specified in section 414. And a proceeding before a surrogate to compel payment of a legacy is treated by the new Code as a special proceeding. (Secs. 2717–2726, 2516, 2517.) The evident intention of the Code is to apply a uniform statutory rule of limitation to all concurrent remedies relating to the same subject-matter, whether by action at law or in equity, or by special proceeding, and it is unreasonable to suppose that the law makers intended that a legatee seeking payment of his legacy should be barred by lapse of time from seeking relief in the Surrogate's Court, when at the same time a remedy is open to him by action in the courts of law.

I have not had access to the edition of McClellan's treatise, cited by the appellant's counsel.

Our conclusion is, that at the time when this proceeding was commenced the respondent had a right of action at law under the statute to recover the unpaid balance of her legacy, which was not then barred by lapse of time, inasmuch as six years had not elapsed from the time when she had actual knowledge of the facts upon which her right to make a demand of payment depended; and that being the case, the present proceeding is not barred by the statute of limitations.

There are no other questions in the case requiring comment.

The decree should be affirmed, with costs.

HARDIN and HAIGHT, JJ., concurred.

Decree of surrogate affirmed, with costs.