Mr. Justice Clayton
delivered the opinion of the court.
Two questions are presented by the record in this case: First, whether, in an action against an attorney at law for money collected by him for his client, he can have advantage of the statute of limitations. Secondly, if he may, under any circumstances, do so, whether he can, until he has notified his client of the collection of the money.
That the attorney may have the benefit of the statute in such case, is decided in Stafford v. Richardson, 15 Wend. 302, and Kinney's Ex'rs v. McClure, 1 Rand. 287. The relation between attorney and client does not belong to that class of express, continuing, and subsisting trusts, to which the statute is, in equity, held to be inapplicable. It is at most but a constructive trust. Angelí on Lim. 199.
The authorities are not uniform on the point whether the fraudulent concealment of the cause of action by the defendant will at law take a case out of the statute. They are collected and collated in Angelí on Lim. 188, 202.
Those which hold that the replication of such fact will not be sufficient to prevent the operation of the statute are more in accordance with the decisions of this court. In the exposition of statutes, our course has been to adhere closely to their terms, and to introduce no exceptions beyond those contained in the statute itself. Smith v. Westmoreland, 12 S. & M. 663; Box v. Stanford et al. [ante, 93.] There is no express exception in the statute which would embrace this case; to introduce an implied one, would contravene the rules heretofore laid down by this court.
*330 It may also be observed that the rule which allows such exception is itself subject to a modification, which renders it inapplicable in this case. If the party affected by any fraudulent transaction or management might, with ordinary care and attention, have seasonably detected it, he cannot avail himself of the exception. Angelí on Lim. 195. A case could scarcely occur of a collection of money by an attorney, in which the fact would not be discovered by reasonable diligence. The payment ought to be indorsed upon the execution and filed with the records. If that should not be done, inquiry of the sheriff, or of the defendant, would lead to a knowledge of the fact.
The- replication in this case, moreover, is not of a fraudulent concealment, but that the defendant did not notify the plaintiff of the collection. To engraft this as an exception upon the statute, would carry the doctrine farther than any court, to our knowledge, has heretofore done.
The judgment is affirmed.