R. G. HUDSON, SURVIVOR, *v.* T. A. KIMBROUGH, ADMR.

1. ATTORNEY AND CLIENT.   *Statute of limitations.*

An attorney at law is liable for any breach of duty under his contract of employment; and, such liability attaching immediately upon the breach, the statute of limitations ordinarily begins to run from the breach.

2. SAME.   *Trust.*

While the relationship of attorney and client, where the employment extends only to the collection of a single claim, is, in a limited sense, one of trust, yet it is not such an express and continuing

trust as will take the client's cause of action out of the operation of the statute of limitations.

3. Same.   *Concealed fraud.*   *Code* 1880, § 2679.

> The client's action against his attorney for breach of contract of employment, must, in case of fraudulent concealment of the cause of action, be begun, as provided by § 2679, code 1880, within the prescribed period after the discovery of the cause of action, or from the time when reasonable diligence would have led to its discovery.

From the chancery court of Sunflower county.

Hon. W. R. Trigg, Chancellor.

The co-partnership, of which appellant is the survivor, employed appellee's intestate, who was an attorney at law, to collect a debt due the firm from third parties.   The other facts are sufficiently stated in the opinion of the court.

*W. S. Chapman* and *T. J. Manion*, for appellant.

Complainants need not allege they used reasonable diligence, etc., because the parties sustained the relation of client and attorney.   On demurrer, complainant need not allege he brought suit within three years from the time the fraud was first discovered, because the fraud is admitted, which gives the court jurisdiction.

Bigelow, in his excellent work on fraud, makes the statement that a client who sues an attorney for money collected, and alleges concealed fraud, etc., is not required to allege that he brought his suit within the statutory period from the time of the knowledge of the fraud, but that it is on defendant to make this affirmative defense.

*Calhoon & Green*, on same side.

An attorney, whose duty, arising out of the confidential relation, was to pay over money promptly upon its collection, and who, two months after its collection, wrote that he had not collected it, and two years after collecting it informed his client that he had not collected anything, but would collect and remit

on his return home, should not be allowed to keep the client's money behind the defense of the statute of limitations, unless he shows that he had removed the deceptions practiced, and that his client at some time had been undeceived by him. There is no pretense that the attorney ever accounted; on the contrary, it is averred that he fraudulently concealed the collection. So "there was nothing that the greatest diligence could take hold of to lead to a knowledge of" the collection. *Edwards* v. *Gibbs*, 39 Miss., 173.

"It is a general rule in equity that the statute of limitations only begins to run, in cases of fraud, from the time of the discovery of the fraud, but the party complaining of the fraud, and seeking to avoid the statute on that account, must show that he used due diligence to detect it, and if he have the means of discovery in his power, it will be equivalent to a knowledge of the fraud." In order to excuse the use of proper diligence, it is well settled, upon reason and authority, that there must exist some relation of trust and confidence—as, principal and agent, client and attorney, *cestui que trust* and trustee—between the party committing the fraud and the party who is affected by it, which rendered it the duty of the former to disclose to the latter the true state of the transaction, and showing that it was through confidence in the acts of the party who committed the fraud that the other was prevented from discovering it. . . . It has long been the settled rule in England that where a party has been kept in ignorance of his rights by the fraud of the person sought to be charged, the statute shall not begin to run until after the fraud has been discovered. *Buckner* v. *Calcote*, 28 Miss., 434, 597; *Livermore* v. *Johnson*, 27 Miss., 284.

*Mayes & Harris*, for appellees.

This action is based on open account. The petition shows affirmatively that the attorney converted the petitioner's money to his own use on April 21, 1883. The three years' statute,

therefore, would ordinarily have barred this debt on April 21, 1886, which was five years before the bill in this case was filed, and also five years before the debt herein set up was probated.   But it is claimed that this was a case of concealed fraud, and, therefore, that the three years' statute of limitations, because of the operation of § 2679 of the code of 1880, did not run from the date of the conversion.   Suppose that be admitted?   The provision of the statute is that the three years' statute shall begin to run from the time at which the fraud shall be discovered, or from the time at which, with reasonable diligence, it might have been first known or discovered. Now, our contention is that petitioner did not exercise reasonable diligence; that if he had exercised such reasonable diligence, he might have discovered the payment of this amount at a date long prior to such time as would have been three years before the probate of his demand—that is to say, long prior to the month of March, 1888.

WOODS, J., delivered the opinion of the court.

In a limited and narrow sense, the relation subsisting between the attorney and client, as shown in the case at hand, in which is involved only the collection of a single claim, may be characterized as one of trust, but it is not of the class of express and continuing trusts covered by the principles announced in *Livermore* v. *Johnson*, 27 Miss., 284; *Buckner* v. *Colcote*, 28 Miss., 432; and *Edwards* v. *Gibbs*, 39 Miss., 166, which are cited by and relied upon by the learned counsel for appellant. This relationship of client and attorney is created by contract, and for any breach of duty under such contract the attorney is liable to his client, and such liability begins immediately upon the breach of the contract, and the statute of limitations begins to run from the date of the breach, ordinarily.   Of course, if there was fraudulent concealment of this breach by the attorney, under § 2679, code of 1880, the statute would begin to run from the time of the discovery of the fraudulent concealment, or from

the time when reasonable diligence would have discovered the fraudulent concealment.

Now, what are the facts as they are stated in the bill of appellant? These, namely: That a claim was placed in the hands of the attorney for collection, by appellant, and that, in April, 1883, the attorney collected one hundred dollars on said claim, but fraudulently concealed the fact of such collection from his client, and, in support of this charge of fraudulent concealment, certain allegations of the bill, which are admitted by the demurrer, are relied upon, viz.: (1) That in June, 1883, two months only after the collection of the one hundred dollars had been made, he wrote his client that no collection had been made, though the land had been sold (as the necessary implication from this letter, and a former one, dated March, 1882, both being made exhibits to the bill, sold at execution sale to satisfy the client's judgment obtained on the claim held by the attorney for collection, and for cash), but that the bidder at the sale had not yet paid the purchase price; and (2) that during the session of the legislature of this state, of 1884, which we judicially know began very early in the month of January of that year, the attorney again, in person, informed his client that nothing had been collected, but that when he (the attorney) returned home he would collect the judgment and remit, but, the petition avers, the attorney never did remit, and he did not enter any credit upon the judgment roll of the proper county, in which judgment was rendered, and in which the collection was made.

The further facts are, that the attorney died in March, 1889, without remitting the collection, and without any further communication in reference thereto, and that the claim of appellant, on which this suit is based, was probated against the deceased attorney's estate, on the second day of March, 1891, when the running of the statute of limitation was thereby arrested.

We thus have a period of about seven years and two months from the date of the last false and fraudulent statement made in Jackson in January, 1884, to the date of the probate of the

claim in March, 1891, without any efforts on the client's part to discover the fraudulent concealment of the collection by the attorney. It goes almost without saying that the client is entitled to a reasonable time within which to move to discover the fraudulent conduct of the attorney; but it goes also equally without saying that the client cannot wait indefinitely, through all the remainder of the attorney's life, and two years afterward, before reasonable diligence will require him to begin to examine and inquire. Here we have in this case a client, for four years and two months after the bar of the statute would, in ordinary cases have been complete, doing absolutely nothing to discover the fraudulent concealment. But the dilatoriness of the client is even worse than that. Knowing that a judgment had been obtained on his claim held by his attorney for collection, he actually did nothing to ascertain what had been done with his judgment for more than seven years after the last act of fraudulent concealment until he probated his claim and suspended the running of the statute. In other words, he did nothing until the very judgment obtained by his attorney on the claim had itself been barred by the statute.

The question we are considering is examined in the very early case of *Stafford* v. *Richardson*, 15 Wend., 302, and in the later cases of *Downey* v. *Gerard*, 24 Pa. St., 52, and *Campbell's Admr.* v. *Boggs*, 48 Pa. St., 524, and the opinions in these cases were in line with the views we have advanced. The opinion in the last named case is singularly lucid, logical and convincing, leaving little or nothing further to be said. The still later case of *Rhines* v. *Evans*, 16 P. F. Smith (Pa.), 192, follows *Campbell's Admr.* v. *Boggs*, and, in the application of the principles of law to the facts of Rhines' case, illuminates our way in the case before us. But there is no room for contention in this state, in view of what was said and held in *Cook et al.* v. *Rives*, 13 Smed. & M., 328. The conclusion of the court in that case that even fraudulent concealment, by an attorney, of the cause of action would not take a case out of the statute,

will no longer be followed now, because the exception of fraudulent concealment is engrafted on our present statute of limitations in express terms, and we give effect to the present statute as written. We hold, however, that on the facts disclosed by the transcript before us, reasonable diligence to discover the fraudulent concealment is not shown, and the bar of the statute applies.

*Affirmed.*