PATTERSON, Chief Justice,
for the Court:
In the Circuit Court of Jackson County, Jerry Blaine White, Sr. filed a declaration alleging that Charles McRae negligently permitted the statute of limitations to run on a workmen’s compensation claim entrusted to him as attorney for White. McRae answered, denying professional malpractice counterclaimed for malicious prosecution, and later moved to dismiss the declaration. The court below granted the motion to dismiss, reasoning in part that White had “elected his remedies” by previously filing with the Mississippi State Bar an unsuccessful complaint against McRae based upon the same conduct giving rise to the declaration in tort.
White improvidently appealed the dismissal, and we refused to reach the merits of the case, because the pendency of McRae’s counterclaim deprived the order of the finality requisite to our jurisdiction. White v. McRae, 366 So.2d 231 (Miss.1979). On remand, however, McRae took a voluntary nonsuit on his counterclaim, thus removing the interlocutory character of the order dismissing White’s declaration.. *1391 White now appeals that order once more, this time with a final judgment conferring upon this Court jurisdiction to reach the merits. We reverse and remand for further proceedings consistent with this opinion.
We think neither principles of res judica-ta, collateral estoppel by judgment, nor election of remedies prevented White from pursuing a private tort remedy in the circuit court for money damages after failing to obtain satisfaction at the Mississippi State Bar. The statutory function of the latter tribunal is public; viz., it disciplines and in appropriate cases expels members of the bar. MCA § 73-3-301 et seq. (Supp. 1979); In Re Mississippi State Bar, 361 So.2d 503 (Miss.1978). Unlike the circuit courts of this state, it is a quasi-judicial forum at most, powerless to offer jury trials or money judgments. It follows that White’s Mississippi State Bar complaint, regardless of its ultimate disposition, had no effect whatsoever upon his right later to pursue a private remedy in the circuit court. See gen. Banes v. Thompson, 352 So.2d 812 (Miss.1977); Lumberton State Bank v. Fortenberry, 222 So.2d 384 (Miss.1969); Ready-Mix Concrete & Concrete Products Co. v. Perry, 239 Miss. 329, 123 So.2d 241 (1960); Potomac Ins. Co. of District of Columbia v. Wilkinson, 220 Miss. 740, 71 So.2d 765 (1954); Rea v. O’Bannon, 171 Miss. 824, 158 So. 916 (1935); Warriner v. Fant, 114 Miss. 174, 74 So. 822 (1917).
White’s declaration states a cause of action in negligence for which he had a statutory right to have a jury consider its factual merits. See MCA § 11-7-17 (1972).
REVERSED AND REMANDED.
SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, LEE, BOWLING and COFER, JJ., concur.