417 So.2d 926 (1982)
Homer S. HUTCHINSON and Evelyn W. Hutchinson
v.
Ron C. SMITH.
No. 53300.
Supreme Court of Mississippi.
August 4, 1982.
Taylor, Covington, Smith & Matrick, James E. Lambert, Jackson, for appellants.
Bennett, Lotterhos & Sulser, Joseph E. Lotterhos, Jackson, for appellee.
Before PATTERSON, C.J., and BOWLING and DAN M. LEE, JJ.
DAN M. LEE, Justice, for the Court:
This is an appeal from the Circuit Court of Hinds County wherein Homer S. Hutchinson and Evelyn W. Hutchinson, plaintiffs/appellants, instituted an action against Ron C. Smith, defendant/appellee, for alleged malpractice, growing out of legal services rendered in connection with bankruptcy proceedings involving the Hutchinsons. From an order dismissing the Hutchinsons' declaration as being barred by the three-year statute of limitations applicable to unwritten contracts, the Hutchinsons prosecute this appeal. We reverse.
On July 1, 1980, appellants filed suit against appellee for legal malpractice arising *927 out of two bankruptcy petitions filed on their behalf by appellee. The declaration was amended on February 25, 1981, and charged that appellee negligently conducted the legal representation of the appellants by failing to list certain priority claims that could have been satisfied from the assets of the bankruptcy estate.
Appellants averred that, as a direct result of appellee's negligence, a tax obligation to the Mississippi Employment Security Commission in the amount of $900 survived the bankruptcy proceedings and remained as a debt and lien against appellants' property. Appellants incurred approximately $2300 in legal fees and expenses in order to reopen the bankruptcy case and have a tax debt to the Mississippi State Tax Commission discharged and cancelled and to obtain an injunction order to have the tax liens removed from the judgment roll books of Hinds County, and appellants were forced to pay approximately $737.71 in taxes, interest and penalties to the United States Government, which survived the bankruptcy proceedings. Judgment was demanded in the amount of $36,937.71.
On March 31, 1981, appellee filed his answer to the amended declaration denying the material averments thereof. Appellee affirmatively alleged that appellants were guilty of contributory negligence, comparative negligence, and assumed the risk by failing to disclose to appellee their liability to the taxing authorities.
Thereafter, on April 20, 1981, appellee filed a motion to dismiss, and plea in bar to the action, alleging the action was barred by the three-year statute of limitations. The trial court sustained appellee's motion to dismiss and plea in bar after hearing argument of counsel and authorities presented by each side.
I. Did the trial court erroneously apply the three-year statute of limitations to the case at bar?
The trial judge sustained appellee's motion to dismiss and plea in bar based on Mississippi Code Annotated section 15-1-29 (Supp. 1981) which provides:
Except as otherwise provided in the Uniform Commercial Code, actions on an open account or account stated not acknowledged in writing, signed by the debtor, and on any unwritten contract, express or implied, shall be commenced within three (3) years next after the cause of such action accrued, and not after, except that an action based on an unwritten contract of employment shall be commenced within one (1) year next after the cause of such action accrued, and not after.
The trial judge evidently was of the opinion that the action was based on appellants' unwritten contract with appellee to render the services complained of rather than the basis of the action being in tort. On appeal, appellants contend the declaration sounded in tort. Therefore, the six-year statute of limitations provided in Mississippi Code Annotated section 15-1-49 (1972) should have governed the action.
The legislature has not passed a specific statute of limitations applicable to legal malpractice as has been done for medical or pharmaceutical malpractice. See section 15-1-36 (Supp. 1981). It is interesting to note that prior to the passage of section 15-1-36, medical malpractice was governed by the six-year statute of limitations. Wilder v. St. Joseph Hospital, 225 Miss. 42, 82 So.2d 651 (1955).[1]
An action for legal malpractice may sound in either tort or contract. Mallen and Levit, Legal Malpractice § 382 (2d Ed. 1981); Wade, A Survey of the Law of Legal Malpractice, Miss. Law Inst. 49 (1977); and 7A C.J.S., Attorney and Client § 267 (1980).
The elements of an action for legal malpractice consist of the existence of the relationship of attorney and client, the acts constituting the alleged negligence, that the negligence was the proximate cause of the injury and the fact and extent of the injury *928 alleged. Nause v. Goldman, 321 So.2d 304 (Miss. 1975). Appellee contends that since the present action was not maintainable without pleading and proving the unwritten contract, which established the attorney/client relationship, it was, in substance, an action on the contract.
When an attorney undertakes the representation of a client, the law implies a promise that the attorney will execute the business entrusted to his professional management with that degree of care, skill and diligence which is commonly possessed and exercised by attorneys in practice in the jurisdiction. Thompson v. Erving's Hatcheries, Inc., 186 So.2d 756 (Miss. 1966).
In Johnson v. Crisler, 156 Miss. 266, 125 So. 724 (1930), appellant brought an action for legal malpractice resulting from a false certificate to an abstract of title issued by an attorney on a parcel of property purchased as a result of the certificate of title issued by the attorney. Appellant's remedy was held barred by the three-year statute of limitations. In Grayson v. Wilkinson, 13 Miss. 268 (1845), and Hudson v. Kimbrough, 74 Miss. 341, 20 So. 885 (1896), in holding the wrongful conversion of a client's money was barred by the three-year statute of limitations, this Court more or less dealt with legal malpractice actions as contractual in nature.
Other cases decided by this Court speak of legal malpractice being based in tort. In Cook v. Rives, 21 Miss. 328 (1850), the six-year statute of limitations was successfully interposed to a legal malpractice action. Thompson v. Erving's Hatcheries, supra, and Nause, supra, both involved questions of negligence. White v. McRae, 380 So.2d 1390 (Miss. 1980), makes it quite clear that a tort action may be maintained in a legal malpractice claim. In finding that an aggrieved client's complaint with the Mississippi State Bar had no effect on a separate private remedy in circuit court, this Court said:
We think neither principles of res judicata, collateral estoppel by judgment, nor election of remedies prevented White from pursuing a private tort remedy in the circuit court for money damages after failing to obtain satisfaction at the Mississippi State Bar... . (380 So.2d at 1391).
Since an action for legal malpractice may sound in tort or contract, an aggrieved client is faced with a choice of remedies. Baird, Legal Malpractice in Mississippi, 43 Miss.L.J. 691, 697 (1972), states:
Although the Mississippi Supreme Court has never expressly decided what statute of limitations applies to attorney malpractice actions, and since both the three year statute of limitations for contracts and the six year statute of limitations for torts have been applied in different cases, the logical conclusion is that a choice of remedies is available. Accordingly, if the statute of limitations might be a problem, the complaint should be styled as being in tort so as to obtain the benefit of the longer statute of limitations.
Reynolds, Mississippi Perspective on Professional Liability, Miss. Law Inst. 135, 147 (1977), also states:
1. Limitation of Action. If a malpractice action against an attorney is brought in contract, then the Mississippi three-year statute of limitations on contracts would apply. It is conceivable that the six-year statute of limitations for written contracts could apply in certain unusual situations, and, if the suit is brought in tort, the six-year statute of limitations for general tort actions would apply.
Where a party has two or more remedies for enforcement of a right, the fact that one remedy is barred by the statute of limitations does not bar the other remedies. However, where a plaintiff elects one of two remedies and such action is barred by the statute of limitations, the plaintiff is bound by his election and cannot thereafter resort to the other remedy for which a different limitation is provided. 53 C.J.S., Limitations of Actions § 7 (1948). 53 C.J.S., Limitations of Actions section 45 (1948), provides:

*929 As a general rule, where a party has two remedies available to him, one of which is by action in contract, and the other by some other action, such as an action in tort, whether the statutes of limitation governing actions on contracts apply will depend on his election as indicated by the form of his action or his allegations and prayer. However, it has also been held that the mere fact that the action is in form one of contract is not controlling, and that the real substance of the action is the determining factor.
The bar of one of two remedies as affecting the other is considered supra § 7.
See also 53 C.J.S., Limitations of Actions § 33 (1948).
Regardless of the oral contract under which appellee undertook legal representation of the appellants, the law imposed a promise on appellee's part to execute appellant's business entrusted to his professional management, with a reasonable degree of care, skill and dispatch. Thompson v. Erving's Hatcheries, supra.
Turning to appellants' declaration, they charged as follows:
Defendant could, by the exercise of due diligence and skill, have had all of the tax obligations of the Plaintiffs herein paid in full out of the assets of the bankruptcy estate, but he so negligently conducted the legal representation of the Plaintiffs herein that the Plaintiffs have had to pay out of their pockets from after-acquired property and income tax debt to the Internal Revenue Service plus all accrued interest and penalties and legal expenses.
XI.
The professional negligence of the Defendant, Ron C. Smith, in handling this legal matter entrusted to him consisted of:
(a) negligently failing to inspect and review the petitions filed in the Bankruptcy Court to determine that all creditors had been listed on the schedules;
(b) negligently allowing the bankruptcy petitions to be filed without listing the Mississippi Employment Security Commission as a priority claimant;
(c) negligently failing to amend the bankruptcy petitions to include the Mississippi Employment Security Commission as a priority claimant and failing to have the tax due the Mississippi Employment Security Commission paid out of the assets of the bankruptcy estate;
(d) negligently failing to advise the Plaintiffs that taxes incurred within three years immediately preceding the filing of bankruptcy were not dischargeable in bankruptcy proceedings;
(e) negligently failing to advise the Plaintiffs that post-petition interest and penalties associated with the tax debt were not dischargeable debts in the bankruptcy proceedings;
(f) negligently failing to review the proof of claims filed by creditors and especially the Internal Revenue Service and the Mississippi State Tax Commission to insure the proper proofs of claim were filed and that these creditors were paid in full;
(g) negligently failing to represent the Plaintiffs before the Bankruptcy Court and being ill-advised in his understanding of the Bankruptcy laws in this country;
(h) negligently failing to file correct proof of claim for the Mississippi State Tax Commission and insuring payment thereof;
(i) negligently failing to file a correct and complete proof of claim for the Internal Revenue Service and insuring payment thereof.
As a result of appellee's alleged negligence, appellants sought damages for emotional anguish, suffering and distress, as well as damages incurred when other legal counsel was employed to reopen the bankruptcy proceedings.
We believe that appellants' declaration in the instant case sounded in tort. Therefore, the six-year statute of limitations was the applicable statute of limitations governing the cause. Because the trial judge erroneously *930 applied the three-year statute of limitations, the cause is reversed and remanded for a trial on the merits. In view of the ruling of the court on the statute of limitations, thereby causing a reversal of this cause, it is not necessary to, nor do we, reach the other assignments of error.
REVERSED AND REMANDED.
PATTERSON, C.J., SUGG and WALKER, P. JJ., and BROOM, ROY NOBLE LEE, BOWLING, HAWKINS and PRATHER, JJ., concur.
NOTES
[1] Appellee's argument that the action was one based on an unwritten contract due to the fact that the contract was a necessary element to recovery could just as well be advanced in a medical malpractice claim which was previously governed by the six-year statute.