465 So.2d 1083 (1985)
UNITED COMPANIES MORTGAGE OF MISSISSIPPI, INC.
v.
D. Russell JONES, Jr.
No. 54645.
Supreme Court of Mississippi.
March 20, 1985.
Robert L. Rogers, Jr., Gillespie & Rogers, Hattiesburg, for appellant.
W.O. Luckett, Jr., Dan Bing, Luckett Law Firm, Clarksdale, for appellee.
Before WALKER, DAN M. LEE and ROBERTSON, JJ.
DAN M. LEE, Justice, for the Court:
United Companies Mortgage of Mississippi, Inc. (United) brought a legal malpractice action against D. Russell Jones, Jr., an attorney in Southhaven, Mississippi, in the Circuit Court of DeSoto County, Mississippi on May 7, 1982. This action was the result of title certificates issued by Jones on February 21, 1979, and March 22, 1979. Jones acted as closing attorney in a real estate loan transaction. The title certificates he prepared proved to be defective, and as a result United suffered a loss. Appellee Jones filed a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted based on his assertion that the action was barred by the three-year statute of limitations for unwritten contracts as found in Miss. Code Ann. § 15-1-29 (Supp. 1984). A hearing was held, the trial court sustained the motion, and the complaint was dismissed as barred by the three-year statute of limitations.
United brings this appeal and argues that the applicable statute of limitations is found in Miss. Code Ann. § 15-1-49 (1972) and that the action is not barred under this six-year statute of limitations. We agree.
Section 15-1-29 imposes a three-year limitation on an action on any unwritten contract. Code section 15-1-49 is a general statute for all actions not otherwise specifically *1084 provided for and imposes a six-year limitation.
In February, 1979, United contacted Jones and asked him to furnish the company with preliminary and final certificates of title on a parcel of real estate located in Shelby County, Tennessee. Jones was also asked to close the real estate loan on the property between United and Mr. and Mrs. Lee Branch. Jones had previously been the closing attorney for some 250 real estate loans at United's request.
Because the property the Branches were buying was in Tennessee, Jones contacted Record Data of Tennessee to provide the information necessary to prepare the title certificates. Record Data had provided Jones with title information before. According to Jones, Gene Taylor, the manager of United, initially suggested that Jones use Record Data for title information on Tennessee property.
Relying on the title certificates issued by Jones, United loaned $17,442.84 to the Branches, evidenced by a promissory note in the amount of $30,826.32. The note was executed on February 15, 1979, and secured by a first deed of trust on the property.
On April 22, 1980, the Chancery Court of Shelby County, Tennessee divested Jesse and Thelma Wallace and their grantees, the Branches, of title to all but 5.133 acres of the property. The title certificates prepared by Jones had covered ten acres. The 5.133 acres which remained did not include the house which was included in the real estate loan. On June 30, 1980, the trustee under the deed of trust between United and the Branches foreclosed against the property which remained. As a result of the foreclosure and sale there was a deficiency of $28,918.00. Jones and an associate handled the foreclosure on the Branch property for United.
The lower court in reaching its decision that the action was barred relied on Johnson v. Crisler, 156 Miss. 266, 125 So. 724 (1930). In Johnson the Court held that an action against an attorney on an oral contract to examine and certify to an abstract of title was barred by the three-year statute of limitations on any unwritten contract. The case treats the action as one brought only in contract.
Subsequent to the hearing in this case, this Court decided Hutchinson v. Smith, 417 So.2d 926 (Miss. 1982). In Hutchinson, the Court recognized that an action for legal malpractice may sound in either tort or contract. Noting that Johnson, Grayson v. Wilkinson, 13 Miss. 268 (1845) and Hudson v. Kimbrough, 74 Miss. 341, 20 So. 885 (1896) had more or less dealt with legal malpractice as an action in contract, the Hutchinson court went on to cite other cases in which legal malpractice had been spoken of as being based in tort: Cook v. Rives, 21 Miss. 328 (1850); Thompson v. Erving's Hatcheries, Inc. 186 So.2d 756 (Miss. 1966); Nause v. Goldman, 321 So.2d 304 (Miss. 1975); White v. McRae, 380 So.2d 1390 (Miss. 1980).
The complaint in this cause framed the issues as a case of negligence. There is no reason to conclude that an action against an attorney for negligence in preparing a title certificate is contractual in nature only and can only be brought within three years of the certificate. In the absence of intent by the legislature to limit legal malpractice to a single statute of limitations, the appellant should have the benefit of any statute which is consistent with his theory of the case.
By cross-assignment, the appellee would have this Court determine whether there was a contract of employment between United and Jones. Because this case is reversed on the question of the statute of limitations, this Court will not give an advisory opinion on a question the lower court had not properly considered at the time the case was dismissed. On remand the lower court will have ample opportunity to decide this question.
REVERSED AND REMANDED.
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P.JJ., and HAWKINS, PRATHER, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.