ROBERTSON, Justice,
for the Court:
This matter is before the Court upon the motion of the Mississippi State Bar (MSB) to docket and dismiss. That motion presents the question of whether this Court should hear an appeal by Eddie Ray Smith from a decision of the MSB Committee on Complaints dismissing Smith’s complaint against his former attorney wherein Smith had charged unprofessional conduct in the course of his (the attorney’s) representation of him (Smith). We grant the motion to docket and dismiss.
The record in this matter reflects that Petitioner Smith was formally charged with the crime of forgery in an indictment returned by the Grand Jury of Forrest County, Mississippi. After consultation with his attorney, Smith entered a plea of guilty to the charge and was sentenced to a term of years in the custody of the Mississippi Department of Corrections. Smith is presently housed at Unit 29, K Building, at the Mississippi State Penitentiary at Parch-man, Mississippi.
On March 4, 1985, Smith filed with the Mississippi State Bar a complaint wherein he charged his attorney with unprofessional conduct in the course of that attorney’s representation of Smith on the forgery charge. See MSB Confidential Case No.-84-250-2. The matter was referred to MSB’s Committee on Complaints. The record reflects that the committee investigated Smith’s complaint against his former attorney and on May 6, 1985, announced that it had found “no conduct of said attorney which would warrant any action under the disciplinary statutes governing lawyers practicing in this state: and the complaint has, therefore, been dismissed.”
Rule 7 of the Rules of Discipline for the Mississippi State Bar provides for the actions which may be taken by the Committee on Complaints in considering a complaint filed against any attorney practicing law or rendering legal services in this state. The MSB asserts that its Committee on Complaints has strictly adhered to and followed those requirements in its disposition of Complaint No. 84-250-2. That complaint was dismissed by the committee pursuant to Rule 7(b)(i), as a result of which the complaint was deemed expunged and is not to be considered a charge touching upon the conduct or character of the attorney.
On June 14, 1985, there was filed with the Clerk of this Court a notice from Petitioner Smith that he sought an appeal to this Court from the decision of the MSB Committee on Complaints dismissing the complaint he had filed. Presumably, Smith would have this Court adjudge that his former attorney had committed a violation of some disciplinary rule and reverse the decision of the committee. The Mississippi State Bar has responded by filing a motion to docket and dismiss Smith’s appeal, suggesting there is no procedure by which such an appeal may be taken.
As matters now stand, there is no constitutional or statutory provision authorizing an appeal from the dismissal of a complaint filed against an attorney before the MSB Committee on Complaints. Neither Rule 7 of the Rules of Discipline nor any other extant rule of law that has been brought to our attention authorizes this Court to hear any such appeal.
Without doubt this Court has inherent authority in matters touching the behavior and discipline of all persons rendering legal services in this state. Miss.Code Ann. § 73-3-301 (Supp.1984); Levi v. Mississippi State Bar, 436 So.2d 781, 783 (Miss.1983); Mississippi State Bar v. Phillips, 385 So.2d 943, 944-45 (Miss.1980). We would certainly have authority to promulgate rules authorizing and prescribing appeals of the sort Smith seeks to present if we regarded such as meet and proper. To date we have not so provided.
*150 Our law affords aggrieved clients various vehicles for the assertion of grievances against their lawyers. E.g., United Companies Mortgage of Miss., Inc. v. Jones, 465 So.2d 1083 (Miss.1985); Hutchinson v. Smith, 417 So.2d 926, 928 (Miss.1982). There are apparent to us no considerations of convenience and necessity suggesting we add to these by authorizing the sort of appeal petitioner wishes to present today. Once, as here, the MSB Committee on Complaints has determined that a complaint filed against a lawyer should be dismissed, that ends the matter insofar as the disciplinary authority of MSB and of this Court are concerned.
Accordingly, we grant the Mississippi State Bar’s motion to docket and dismiss.
MOTION TO DOCKET AND DISMISS GRANTED
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P.JJ., and HAWKINS, DAN M. LEE, PRATHER, SULLIVAN and ANDERSON, JJ. concur.