ROBERTSON, Justice,
for the Court:
I.
This is a legal malpractice case. Plaintiff alleges that he engaged the services of the defendant lawyer, paid his fee, and that the lawyer wholly failed to pursue his interest with competence, diligence, or good fidelity. The Circuit Court dismisséd the complaint on its face. Upon review, we find that it more than stated-a claim upon which relief can be granted.
We reverse.
II.
Daniel Israel Singleton resides in the custody of the Mississippi Department of Corrections at the Mississippi State Penitentiary at Parchman. Singleton stands finally convicted in the Circuit Court of Harrison County, Mississippi, of the crime of armed robbery, upon which the Court sentenced him to thirty-five years imprisonment. On September 24, 1986, this Court affirmed Singleton’s conviction and sentence. Singleton v. State, 495 So.2d 14 (Miss.1986).
In October of 1987, Singleton wrote to Earl B. Stegall, a lawyer and -member in good standing of the Mississippi State Bar, who maintains his office in Gulfport, Mississippi. Singleton asked that Stegall represent him in pursuing a claim for post-conviction relief. See Rule 22, Miss.Sup.Ct. Rules; Miss.Code Ann. §§ 99-39-1, et seq. (Supp.1990). Stegali quoted ' Singleton a fee of $5,000.00 which Singleton says he has paid. For reasons not apparent, Singleton says he has paid Stegall another 8500.00 “as a bonus.”
Time passed and little happened. It appears that Singleton may have been returned to the Harris on County Jail at one point, but he says he never got a hearing. Singleton concedes Stegall “has, admittedly, made two attempts to have something accomplished, but to no avail.” More to the point, Singleton charges that Stegall never performed the fundamental task for which his services were engaged, to-wit, filing and .pursuing an application for post-conviction relief. The matter is particularly serious in that the three-year statute of limitations may now have run. Miss.Code Ann. § 99-39-5(2) (Supp.1990).
On May 4, 1989, Singleton commenced the present civil action by filing his complaint in the Circuit Court of Harrison County, Mississippi. He named Stegall as defendant and charged Stegall with fraud, breach of trust, breach of contract, misrepresentation, negligence, and “pseudo-statements to the plaintiff.” Singleton proceeds pro se and without apparent assistance of counsel. His complaint is inartful; at points, colorful. It charges, without doubt, that Stegall accepted employment as Singleton’s lawyer and failed substantially to perform the duties thereby incumbent upon him. Singleton sues for return of the fee he paid, for compensatory damages for mental anguish and distress and severe anxiety. He seeks as well punitive damages.
*1244 Belatedly, Stégall answered and has admitted paragraph one wherein Singleton charges:
1. On July 29, 1987, the defendant stated a fee of $5000.00-,(FIVE THOUSAND DOLLARS) for a motion for Post Conviction Relief. On October 27, 1987, the Plaintiff retained the Defendant for Post Conviction Relief. A total of $5500.00 (FIVE THOUSAND FIVE HUNDRED DOLLARS) was given to the Defendant.
With this exception, Stegall denies the essential allegations of the complaint.
Inexplicably thereafter, the Circuit Court entered its order on December 19, 1989, holding that the complaint “fails to state a claim upon which relief can be granted” and finally dismissing same.
Singleton now appeals to this Court.
III.
When a lawyer undertakes to serve a client, he or,she assumes duties sounding in a blend of contract, tort and much more.[1] The first step is finding that a lawyer-client relationship has come into being. Bass v. Montgomery, 515 So.2d 1172, 1174 (Miss.1987); Hickox By And Through Hickox v. Holleman, 502 So.2d 626, 633-34 (Miss.1987). The client’s payment of a lawyer’s fee cinches the point, although we have never held it a sine qua non the relationship has arisen.[2] See Winstead v. Berry, 556 So.2d 321, 323 (Miss.1989); Gold v. LaBarre, 455 So.2d 739, 748 (Miss.1984). Today, Stegall has admitted Singleton paid his fee. A lawyer-client relationship existed for purposes of Singleton’s pursuit of a claim for post-conviction relief.
Our law has long held lawyers to tripartite duties of “care, skill and dispatch.” Fitch v. Scott, 4 Miss. (3 How.) 314, 317 (1839), quoted in Thompson v. Erving’s Hatcheries, Inc., 186 So.2d 756, 757 (Miss.1966). We have likened the duty unto that of physicians and surgeons.[3] Dean v. Conn, 419 So.2d 148, 150 (Miss.1982); Nause v. Goldman, 321 So.2d 304, 308 (Miss.1975). Of late we have spoken of a negligence standard, e.g., Bass v. Montgomery, 515 So.2d at 1174; Thompson v. Erving Hatcheries, Inc., 186 So.2d at 759, but obviously more need be said.
Today a lawyer owes his client duties falling into three broad categories: (a) the duty of care, (b) a duty of loyalty, and (c) duties provided by contract. First, each lawyer, by virtue of the positive, substantive law of this state, has a duty of care consistent with the level of expertise the lawyer holds himself out as possessing and consistent with the circumstances of the case. Hutchinson v. Smith, 417 So.2d 926, 928 (Miss.1982). This duty is non-delegable. It is owing to each client he or she undertakes to serve, and in that regard the client has a correlative right. The lawyer’s duty of care imports not only skill or expertise but diligence as well. Both our rules of professional conduct, and our positive law charge that a lawyer shall act with reasonable diligence and promptness in representing a client.[4] One of the clearer *1245 cases where a lawyer may breach his duty of diligence occurs when, through neglect, he allows the statute of limitations to expire so that the client’s claim is barred. See Hickox By And Through Hickox v. Holleman, 502 So.2d at 636.
Each lawyer owes each client a second duty, not wholly separable from the duty of care but sufficiently distinct that we afford it its own label, viz. the duty of loyalty, or, sometimes, fidelity. We speak here of the fiduciary nature of the lawyer’s duties to his client, see Lowrey v. Will of Smith, 543 So.2d 1155, 1161-62 (Miss.1989); Gold v. LaBarre, 455 So.2d at 748, of confidentiality and of candor and disclosure. See Mississippi State Bar v. Attorney D, 579 So.2d 559 (Miss.1991). Third, a lawyer owes any duties created by his contract with his client.
The proposed Restatement Of The Law Governing Lawyers distills these duties:
§ 28. Lawyer’s Duties to Client in General
Subject to the other provisions of this Restatement, a lawyer must:
(1) In matters covered by the representation, act in a manner reasonably calculated to reach a client’s objectives, as defined by the client after disclosure and consultation, to the extent consistent with the lawyer’s legal duties to others;
(2) So act with reasonable competence and diligence;[5]
(3) Safeguard the client’s confidences and property, avoid conflicting interests that might impair the representation, and not employ adversely to the client powers conferred by the client-lawyer relationship; and
(4)Comply with any valid contract with the client.
American Law Institute, Restatement Of The Law: The Law Governing Lawyers § 28 (Prelim.Draft No. 6, July 25, 1990).
That an action may lie for the lawyer’s breach of these duties is settled. Recovery, however, requires proof of proximate cause, see Stewart v. Walls, 534 So.2d 1033, 1035 (Miss.1988); Hickox By And Through Hickox v. Holleman, 502 So.2d at 633-34; Nause v. Goldman, 321 So.2d at 307-08, a point we perceive problematical, to be tailored to the injury the client claims and the remedy he elects.
IV.
Our question today is a narrow one: whether Singleton’s complaint states a claim, under the foregoing standards, upon which relief may be granted.
Our procedural posture is important. The rules require only that the plaintiff provide a short and plain statement of the claim showing that he is entitled to relief. Rule 8(a)(1), Miss.R.Civ.P.; see also, Rule 8(e)(1), Miss.R.Civ.P. Our former requirements for detailed fact pleadings have long been dispatched. Grantham v. Mississippi Department of Corrections, 522 So.2d 219, 221 (Miss.1988); Comet Delta, Inc. v. Pate Stevedore Co. of Pascagoula, Inc., *1246 521 So.2d 857, 859 (Miss.1988); Luckett v. Mississippi Wood, Inc., 481 So.2d 288, 290 (Miss.1985); Stanton & Associates, Inc. v. Bryant Construction Co., Inc., 464 So.2d 499, 505 (Miss.1985). When a complaint is tested on its face, we must take its well-pleaded allegations as true. Overstreet v. Merlos, 570 So.2d 1196, 1197 (Miss.1990); Marx v. Truck Renting and Leasing Association, 520 So.2d 1333, 1339 (Miss.1987). Today’s complaint is by one incarcerated and acting pro se, and here we have said:
Where, as here, a prisoner is proceeding pro se, we take that fact into account and, in our discretion, credit not so well pleaded allegations, [citations omitted] to the end that a prisoner’s meritorious complaint may not be lost because inart-fully drafted.
Moore v. Ruth, 556 So.2d 1059, 1061 (Miss.1990); see also, Terrell v. State, 573 So.2d 732, 733 (Miss.1990).
These thoughts in mind, the law obliged the Circuit Court to review Singleton’s complaint and ask whether it suggested a set of facts which might support relief. The Court had no authority to- dismiss the complaint unless it may fairly and objectively be said that the plaintiff could prove no set of facts in support of his claim which would entitle him to relief. Overstreet, 570 So.2d at 1197; McFadden v. State, 542 So.2d 871, 874-75 (Miss.1989); Stanton & Associates, Inc., 464 So.2d at 505.
We review the Circuit Court’s dismissal of the complaint de novo. ' We apply the standards just noted when testing the complaint for threshold adequacy, and, when we do this, we may only find it passes.
V.
More need be said. Singleton’s complaint effectively charges that Stegall breached his duty of care. Most readily grasped is Singleton’s charge that Stegall undertook to prepare and present a petition for post-conviction relief but has, in fact, never filed the first paper in the first court, with the. consequence that the statute of limitations may have run. More generally, Singleton says Stegall has failed to pursue post-conviction relief with that level of care, skill and diligence required by law and consistent with his undertaking. He says further that Stegall has misled him, misrepresented what he was doing, and downright lied. Singleton’s complaint easily passes muster on fault or breach of duty.
Singleton does not, however, charge that, but for Stegall’s fault, he would today be a free man. He does not claim he has (had) a lead pipe cinch case for post-conviction relief, if only his lawyer had done his job. On one score the point may be fatal, for our cases suggest in fairly absolute “but for” terms that a legal malpractice plaintiff must make these showings. We have rejected a post-conviction petitioner’s legal malpractice claim on grounds he could not show he had a colorable claim, had his lawyer done his duty. Stewart v. Walls, 534 So.2d at 1035. We have held one complaining his lawyer let the statute of limitations run must show he would probably have prevailed in a timely-filed action. Bass v. Montgomery, 515 So.2d at 1174-75; Hickox By And Through Hickox v. Holleman, 502 So.2d at 633-34; Thompson v. Erving’s Hatcheries, Inc., 186 So.2d at 760.
When we read Singleton’s complaint as the principles set out in Part IV say we must, we find it suggesting three claims. First, Singleton says he hired Stegall to pursue for him a claim for post-conviction relief. That claim likely is (or was) a long shot. The law affords substantive grounds and a procedural vehicle for pursuing those grounds and the right to retain counsel to that end. What Singleton says he wanted was a fair run for his money, a day in court, if you will: He claims the analogue of the medical malpractice plaintiff’s claim of a loss of a substantial chance of greater recovery. Clayton v. Thompson, 475 So.2d 439, 445 (Miss.1985) (“loss of a reasonable probability”). He wants the peace of mind of knowing he has exhausted all possible avenues of relief from his thirty-five year sentence. Singleton charges that Stegall breached his duty of care and demands damages. Singleton’s complaint, in contract terminology, suggests expectation damages. See Restatement (Second) of *1247 Contracts § 347 and Comment d to § 348 (1981). He seeks the value of what he would have enjoyed if Stegall had performed. That he was willing to pay $5,000.00 (and later another $500.00) is evidence of his damages but in no sense their final measure. See Tansil v. Horlock, 204 So.2d 457, 462 (Miss.1967).
Alternatively, Singleton wants his money back. He says he entered a contract with Stegall wherein Stegall was to perform certain services, that.he paid the fee Stegall demanded, and that Stegall in return did little or nothing. In effect, the claim is for restitution. It asks that the contract with Stegall be declared void and that Stegall return what Singleton has paid him. Restatement (Second) of Contracts § 373(1) (1981). Singleton’s claim for expectation damages proceeds on a wholly inconsistent premise, that the contract is valid and should be enforced. Obviously, the law does not allow Singleton to recover on both theories. In his pleadings he may proceed in the alternative. Rule 8(e)(2), Miss.R. Civ.P.
Finally, Singleton charges Stegall breached his duty of loyalty or fidelity. He says Stegall “made promise after promise,” that Stegall’s evaluations -of Singleton’s plight were “sugar coated with favorable results and latent promises.” Stegall failed to make promised court filings. At other times Stegall “refused to acknowledge the receipt of calls and letters.” All in all, Singleton says Stegall “took me on a roller coaster ride of ups and downs.” As a proximate result, Singleton ■ says he has suffered “mental anguish, mental stress and severe anxiety,” for Which he demands damages.
Singleton’s claim falls within our rule that has long recognized a right of action for tortious infliction of emotional distress. See, e.g., Blue Cross & Blue Shield of Mississippi, Inc. v. Maas, 516 So.2d 495, 498 (Miss.1987); First National Bank v. Langley, 314 So.2d 324, 328 (Miss.1975). On remand, however, the Court should regard carefully three important, caveats to the claim.
A legal malpractice plaintiff may not recover for emotional distress flowing from his dilemma with the law. Singleton faces thirty-five years imprisonment, and the prospect has likely produced a certain level of anxiety, mental pain, or, if you will, emotional distress. On remand, Singleton must show that Stegall’s defaults have proximately caused him substantial emotional distress that may be differentiated from that attendant upon his legal plight. Singleton must as well prove cause and damage through credible and discriminating evidence.
Second, common experience has long ago taught that, under the best of circumstances, a citizen’s encounter with the legal process is a source of great anxiety. The average litigant experiences substantial emotional distress from “the rigors of an action, with all of its traumatic impact.” Fulgham v. Snell, 548 So.2d 1320, 1322 (Miss.1989) (quoting Magee v. Griffin, 345 So.2d 1027, 1032 (Miss.1977)). This trauma is felt by parties enjoying the best of legal counsel. On remand, and assuming his claim survives otherwise, Singleton may recover damages only for emotional distress fairly separable from that proximately flowing from his encounter with the legal process.
Third, each person going through this life experiences a few unfair — and non-actionable — slings and arrows. Ferguson v. Watkins, 448 So.2d 271, 276 (Miss.1984). The law cannot and does not undertake to provide a remedy for “all bruised feelings.” Lawrence v. Evans, 573 So.2d 695 (Miss.1990). Rather, a plaintiff such as Singleton may recover damages only for substantial emotional distress, not necessarily rising to the dignity of a diagnosable mental disorder, but surely approaching such.
VI.
In at least'the ways noted above, Singleton has stated a claim against Stegall upon which relief may be granted. The Circuit Court erred when it dismissed the complaint on its face. The judgment of the Circuit Court is reversed, and this ease is remanded and restored to the active docket *1248 of the Circuit Court for further proceedings as may be appropriate as though Ste-gall’s motion to dismiss had been denied. Cain v. McKinnon, 552 So.2d 91, 93 (Miss.1989); McFadden, 542 So.2d at 883; Grantham v. Mississippi Department of Corrections, 522 So.2d at 226; Whitten v. Commercial Dispatch Publishing Co., Inc., 487 So.2d 843, 846 (Miss.1986). We trust it goes without saying that not a word said here suggests how the case should be decided on its merits, nor even how the Court should rule on such additional pre-trial matters as may properly be presented.
Singleton presents several other issues on this appeal, none of which possesses merit nor requires comment or discussion.
REVERSED AND REMANDED.
ROY NOBLE LEE, C.J., HAWKINS, P.J., and PRATHER, SULLIVAN, PITTMAN, BANKS ánd McRAE, JJ„ concur.
DAN M. LEE, P.J., concurs in results only.

. We have in the past worried whether the lawyer's duties arose in contract or in tort, primarily for finding the statute of limitations to fit a legal malpractice claim. See, e.g., Hickox By And Through Hickox v. Holleman, 502 So.2d 626, 636 (Miss.1987); United Companies Mortgage of Mississippi, Inc. v. Jones, 465 So.2d 1083, 1084 (Miss.1985); Hutchinson v. Smith, 417 So.2d 926, 927-28 (Miss.1982). No such issues appear today.

. The American Law Institute’s Restatement Of The Law: The Law Governing Lawyers § 26 (Prelim.Draft No. 6, July 25, 1990), provides:
§ 26. Formation of a Client-Lawyer Relationship
A relationship of client and lawyer arises when:
(1) A person manifests to a lawyer the person’s intent that the lawyer provide legal services for the person; and
(2)(a) The lawyer manifests to the person consent to do so, or (b) fails to manifest lack of consent to do so, knowing that the person reasonably relies on the lawyer to provide the services, or (c) a tribunal with power to do so appoints the lawyer to provide the services.

. In Hickox By And Through Hickox v. Holleman, 502 So.2d at 636, we recognized that the analogy is less than complete.

. Rule 1.3, Miss.Rules of Prof .Conduct (1987), provides a comparable standard. Our rules regulating professional conduct have evolved from canons to ethical considerations and now to a code quite like unto a criminal code. See Haz *1245 ard, The Future of Legal Ethics 100 Yale L.J. 1239, 1249-1255 (1991). For the moment it is important that we keep well in-mind that, in describing the scope of the Mississippi Rules, we have ordered
Violation of a Rule should not give rise to a cause of action nor should it create any presumption that a legal duty has been breached. The Rules are designed to provide guidance to lawyers and to provide a structure for regulating conduct through disciplinary agencies. They are not designed to be a basis for civil liability. Furthermore, the purpose of the Rules can be subverted when they are invoked by opposing parties as procedural weapons. The fact that a Rule is just basis for a lawyer's self-assessment, or for sanctioning a. lawyer under the administration of a disciplinary authority, does not imply that an antagonist in a collateral, proceeding .or transaction has standing to seek enforcement of the Rule. Accordingly, nothing in the Rules should be deemed to augment any substantive legal duty of lawyers or the extra-disciplinary consequences of violating such a duty.
Miss.Rules of Prof.Conduct (1987), reprinted in Mississippi Rules of Court: State and Federal 530 (1990).

. In a comment, the Restatement draftsmen opine: "The lawyer must use those capacities diligently, not letting the matter languish but-proceeding to perform the services called for by the client’s objectives.” ALI, Restatement Of The Law: The Law Governing Lawyers § 28, Comment d (Prelim.Draft No. 6, July 25, 1990).