# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2003-CA-01879-SCT

*WANDA B. MONTGOMERY*

*v.*

*TAMMY L. WOOLBRIGHT*

| | |
|---|---|
| DATE OF JUDGMENT: | 07/24/2003 |
| TRIAL JUDGE: | HON. WILLIAM R. LAMB |
| COURT FROM WHICH APPEALED: | LOWNDES COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | RODNEY A. RAY |
| ATTORNEY FOR APPELLEE: | DAVID S. VAN EVERY, SR. |
| NATURE OF THE CASE: | CIVIL - LEGAL MALPRACTICE |
| DISPOSITION: | AFFIRMED - 12/09/2004 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE WALLER, P.J., GRAVES AND RANDOLPH, JJ.**

**RANDOLPH, JUSTICE, FOR THE COURT:**

¶1.     This matter arises from an attorney-client relationship between Wanda B. Montgomery and attorney Tammy L. Woolbright. Woolbright was retained by Montgomery to represent her in a divorce action against Montgomery's then-husband, J. Prate Montgomery, in Oktibbeha County Chancery Court, Cause No. 97-0154. At a point during the divorce proceeding held on October 14, 1998, the parties agreed to settle their differences. To memorialize the settlement, the parties executed a separation agreement, which Montgomery signed and swore that "each and every allegation, matter and fact contained and set forth in the foregoing Separation Agreement is true and correct as therein stated." Montgomery signed a consent to

the court granting a divorce on the grounds of irreconcilable differences. Additionally, the agreement was read into the court record, and the chancellor specifically asked Montgomery whether she understood the terms of the agreement and understood that she would be bound to them; Montgomery responded in the affirmative.

¶2. Thereafter, feeling aggrieved, Montgomery moved the chancellor to set aside the divorce decree pursuant to Rule 60(b)(6) of the Mississippi Rules of Civil Procedure, but her motion was denied.

¶3. Montgomery subsequently appealed the chancellor's denial of her motion to set aside the judgment of divorce to this Court, which affirmed the chancellor's ruling. *Montgomery v. Woolbright*, 759 So. 2d 1238 (Miss. 2000).

¶4. On July 1, 1999, Montgomery filed this suit against Woolbright, her former attorney who handled the divorce action, in the Lowndes County Circuit Court. In Montgomery's complaint, she asserted that Woolbright was guilty of legal malpractice for negligently failing to adequately prepare for a divorce action brought by Montgomery against her former husband in the Chancery Court of Oktibbeha County. In her complaint, Montgomery claims damages consisting of $4,000 in legal fees paid to Woolbright, $1,500 paid to a private investigator whose information was never used, payment of $2,000 for information and photographs which were never used at trial, copy fees, mental anguish, and lost wages. Montgomery further alleges that she was coerced into agreeing to a divorce and property settlement by the tactics of Woolbright and that Woolbright was specifically negligent in failing to competently represent Montgomery, failing to keep Montgomery advised of the potential outcome of the divorce action, failing to exercise reasonable diligence in representing Montgomery, and

failing to follow Montgomery's instructions relating to the conduct of the divorce proceedings.

¶5.     On April 30, 2003, Woolbright filed a motion for summary judgment. This motion was granted by the trial judge on July 24, 2003, and entered in the general docket on July 28, 2003.

¶6.     Montgomery filed her notice of appeal and raises the following issue:

I.    Whether the decision of the trial judge to grant summary judgment was clearly erroneous and manifestly wrong.

## DISCUSSION

¶7.     The standard for reviewing the grant or the denying of summary judgment is the same standard employed by the trial court under Mississippi Rule of Civil Procedure 56(c). This Court conducts a de novo review when reviewing a lower court's grant or denial of summary judgment. *Saucier ex rel. Saucier v. Biloxi Reg'l Med. Ctr.*, 708 So. 2d 1351, 1354 (Miss. 1998). "'This entails reviewing all evidentiary matters in the record: affidavits, depositions, admissions, interrogatories, etc.'" *Id.* (quoting *Townsend v. Estate of Gilbert*, 616 So. 2d 333, 335 (1993) (citations omitted)). The trial court may grant summary judgment "if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Miss. R. Civ. P. 56(c). A fact is material if it "tends to resolve any of the issues properly raised by the parties." *Palmer v. Anderson Infirmary Benevolent Ass'n*, 656 So. 2d 790, 794 (Miss. 1995).

¶8.     Furthermore, "[a] motion for summary judgment should be overruled unless the trial court finds, beyond a reasonable doubt, that the plaintiff would be unable to prove any facts to

3

support his claim." *Id.* at 796. The trial court is prohibited from trying the issues; **"it may only determine whether there are issues to be tried**." *Id.* (citations omitted) (emphasis in original). The evidence must be viewed in the light most favorable to the non-moving party. *Id.* at 794. If, in this view, the moving party is entitled to judgment as a matter of law, then summary judgment should be granted; otherwise, the motion for summary judgment should be denied. *Id.*

¶9. In this negligence action, Montgomery bears the burden of producing evidence sufficient to establish the conventional tort elements of duty, breach, proximate causation and damage. *Palmer*, 656 So. 2d at 794. Stated another way, Montgomery must prove: (1) an attorney-client relationship existed between herself and Woolbright; (2) the incumbent or applicable duty; (3) a breach of that duty; and (4) that the breach of that duty proximately caused damages. Failing in any of these, her claim is without merit.

¶10. Montgomery bears the burden to show that "but for [her] attorney's negligence, [she] would have been successful in the prosecution or defense of the underlying action." *Wilbourn v. Stennett, Wilkinson & Ward*, 687 So. 2d 1205, 1215 (Miss. 1996). Montgomery failed to offer any proof of such; and therefore, her claim must fail.

¶11. Furthermore, "[t]here has been universal agreement that a lawyer is not an insurer or guarantor of the correctness of his work or of the best result which will be obtained. He is liable only for negligent failure to use the requisite care or skill." *Nause v. Goldman*, 321 So. 2d 304, 308 (Miss. 1975) (quoting *Thompson v. Erving's Hatcheries, Inc.*, 186 So. 2d 756, 759 (Miss. 1966)).

¶12.    Neither party contests an attorney-client relationship was present.

¶13.    As to the second factor, we find that expert testimony is required in order to prove professional negligence by Woolbright.   Montgomery's complaint sounds in negligence.   The damages she claims were allegedly caused by the negligence of Woolbright in handling her divorce.   The alleged legal malpractice was based on negligence, which is a violation of the standard of care.   The specific negligence Montgomery claims of in her complaint is as follows: (1) failure to adequately prepare; (2) failure to competently represent; (3) failure to keep Montgomery advised; (4) failure to exercise reasonable diligence; and (5) failure to follow Montgomery's instructions.   As these are standard of care issues, Montgomery required expert testimony to survive summary judgment. *See Lane v. Oustalet*, 873 So. 2d 92, 98-99 (Miss. 2004); *Hartford Acc. & Indem. Co. v. Foster*, 528 So. 2d 255, 284-85 (Miss. 1988).   In the case sub judice, Montgomery did not designate, offer or list any expert on the her list of witnesses that could support her allegations of legal malpractice.   Therefore, Montgomery's claim must fail because she did not offer any expert testimony, by affidavit or otherwise, to show that Woolbright was negligent in handling her divorce.

¶14.    Since Montgomery has offered no expert proof to support her position, the remaining two factors need not be addressed.

**CONCLUSION**

¶15.    Finding no merit in Montgomery's assignment of error, we conclude that the trial judge did not err in granting summary judgment in favor of Woolbright.   Accordingly, the judgment of the Circuit Court of Lowndes County, Mississippi, is affirmed.

¶16.    **AFFIRMED.**

5

**SMITH, C.J., WALLER AND COBB, P.JJ., EASLEY, CARLSON, GRAVES AND DICKINSON, JJ., CONCUR. DIAZ, J., NOT PARTICIPATING.**