# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2019-CT-01423-SCT

*ANGELA T. LAIRY, TURNER & ASSOCIATES, PLLC, CAROLYN T. KARRIEM, AND THE ESTATE OF BENNIE L. TURNER*

*v.*

*LORI CHANDLER*

## ON WRIT OF CERTIORARI

| | |
|---|---|
| DATE OF JUDGMENT: | 07/08/2019 |
| TRIAL JUDGE: | HON. LARRY E. ROBERTS |
| TRIAL COURT ATTORNEYS: | JOHN H. COCKE |
| | ROBERT ALEXANDER CARSON, III |
| | CORRIE SCHULER |
| | ANGELA TURNER FORD |
| | BARBARA LEE CLARK |
| | RANDOLPH WALKER |
| COURT FROM WHICH APPEALED: | CLAY COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANTS: | RANDOLPH WALKER |
| | ANGELA TURNER FORD |
| | BARBARA LEE CLARK |
| ATTORNEYS FOR APPELLEE: | CHARLES M. MERKEL, JR. |
| | EDWARD P. CONNELL, JR |
| | ROBERT ALEXANDER CARSON, III |
| | JOHN H. COCKE |
| | CORRIE SCHULER |
| NATURE OF THE CASE: | CIVIL - LEGAL MALPRACTICE |
| DISPOSITION: | THE JUDGMENT OF THE COURT OF APPEALS IS AFFIRMED IN PART AND REVERSED IN PART.  THE JUDGMENT OF THE CLAY COUNTY CIRCUIT COURT IS REINSTATED AND AFFIRMED IN PART AND REVERSED IN PART, AND THE CASE IS REMANDED - 06/16/2022 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**MAXWELL, JUSTICE, FOR THE COURT:**

¶1.     While driving a forklift at work, Lori Chandler was hit by another forklift and injured. She retained Turner & Associates to file a workers' compensation claim. But Turner & Associates failed to file her claim within the statute of limitations. And worse than that, the firm's case manager engaged in a year-and-a-half-long cover-up, which included false assurances of settlement negotiations, fake settlement offers, and a forged settlement letter purporting to be from Chandler's former employer. Because of this professional negligence, Chandler filed a legal malpractice action.

¶2.     Liability is not in dispute.[1] So the only issue at trial was damages. The trial judge, sitting as fact-finder, concluded that Chandler had suffered a compensable work-related injury—an injury that caused her to lose her job and left her unemployed for nearly two years. Based on her hourly wage, the trial judge determined, had Turner & Associates timely filed Chandler's workers' compensation claim, Chandler could have reasonably recovered $50,000 in disability benefits. So the trial judge awarded her $50,000 in compensatory damages. The trial judge also awarded Chandler $100,000 in punitive damages against the case manager due to her egregious conduct.

---

[1] The only question on remand is whether defendant Angela T. Lairy, an attorney alleged to have worked for the firm, *in her individual capacity*, is jointly liable with the other defendants for the $50,000 in compensatory damages awarded to Lori Chandler. *See* ***Lairy v. Chandler***, No. 2019-CT-01423-COA, 2021 WL 4566740, at *4 (Miss. Ct. App. Oct. 5, 2021). The Court of Appeals reversed the grant of summary judgment against Lairy individually, finding there was a material fact dispute as to Lairy's involvement in Chandler's case. ***Id.***

2

¶3.     The Court of Appeals affirmed the punitive-damages award.[2] But the court reversed and remanded the compensatory-damages award.[3] Essentially, the Court of Appeals held that Chandler had failed to present sufficient medical evidence to support a $50,000 workers' compensation claim.[4]

¶4.     Were this a workers' compensation case, we might agree with the Court of Appeals. But this is a legal malpractice case. And part of what Chandler lost, due to attorney negligence, was her ability *to prove* her work-related injury led to her temporary total disability. The Court of Appeals faulted Chandler for not providing evidence she sought medical treatment after May 2008. But the precise reason Chandler hired Turner & Associates in August 2008 was to navigate the workers' compensation process, of which she was unfamiliar. And Turner & Associates' case manager confirmed that part of her job—which she did not perform in Chandler's case—was to follow clients through the medical-treatment process.

¶5.     Based on these particular circumstances, we find the Court of Appeals erred by applying exacting statutory requirements for a workers' compensation claim to Chandler's common-law legal malpractice claim. Chandler was not seeking workers' compensation benefits from her employer. She was seeking legal malpractice damages from her former legal representative. And she supported her damages claim with evidence that she suffered

---

[2] *Id.* at *8.

[3] *Id.* at **5-7.

[4] *Id.*

3

a compensable work-related injury, causing her to lose employment. The record supports the trial judge's finding that, had Turner & Associates timely filed her claim, she could have reasonably recovered $50,000 in disability benefits. These benefits were based on her average weekly wage and the amount of time she remained unemployed due to her injury.

¶6.     We therefore reverse the judgment of the Court of Appeals on the issue of compensatory damages and reinstate the trial judge's $50,000 compensatory-damages award. Because this is the only issue for which Chandler sought certiorari review, we affirm the remainder of the Court of Appeals' decision, which affirmed the punitive-damages award but reversed and remanded the grant of partial summary judgment against attorney Angela T. Lairy in her individual capacity.[5]

## Background Facts & Procedural History

### I.     Work-Related Injury

¶7.     Chandler worked as a forklift driver for Cooper Tire. In March 2008, her forklift was struck by another forklift, injuring her. Chandler went to the emergency room the next day. Her pain continued, so she followed up with her doctor. Her doctor placed her on sedentary work restrictions and prescribed physical therapy. Chandler returned to work at Cooper Tire that same month. But based on her physician-imposed restrictions, she was let go three days later.

¶8.     Chandler discontinued physical therapy in May 2008 after she discovered she was pregnant and thus could not perform the prescribed exercises.

---

[5] *See supra* n.1.

4

## II.    Turner & Associates' Failure to File Claim and Fake Settlement Offers

¶9.    Two months later, in August 2008, Chandler sought legal representation from Turner & Associates. At the time, Bennie Turner was the managing partner and sole owner. His daughter Angela T. Lairy, who is an attorney, contends that she worked for her father's firm as an independent contractor. His other daughter Carolyn T. Karriem, who is not an attorney, worked as a case manager. Chandler testified she met with Lairy at the initial meeting, and Lairy agreed to represent her. But Lairy and Karriem denied this. According to Lairy, she never worked on Chandler's case.

¶10.    From our review, it appears that no one at Turner & Associates did any legitimate work on Chandler's case. And the statute of limitations ran without Chandler's workers' compensation claim being filed. Chandler contacted Karriem about her claim in 2011. But instead of informing Chandler of the mistake, Karriem assured Chandler that Turner & Associates was actively negotiating a settlement with Chandler's former employer. Not only was this false, but Karriem actually conveyed a fake settlement offer of $25,000. Chandler rejected this. After that, Karriem falsely told Chandler that Cooper Tire had made a new settlement offer of $30,000. Chandler rejected this "offer" too. Over the next year, Karriem continued to make up false settlement offers of increasing amounts. During this time period, Bennie Turner died. And his daughter Lairy took over as managing partner of Turner & Associates. Lairy has denied any involvement with the fake settlement offers.

¶11.    Finally, Chandler "accepted" a supposed offer to settle for $100,000. To make it look like a real settlement had been reached, Karriem drafted a fake settlement agreement, which

5

Chandler signed. Karriem also forged a letter purporting to be from "Blake Berry" at Cooper Tire.

¶12. Six months then passed with Chandler receiving no money—only empty promises that the firm was working on finalizing the settlement. Finally, Chandler faxed Turner & Associates a letter of termination and sought help from another attorney. She also contacted Cooper Tire directly. It was then she learned there was no settlement offer because no claim had ever been filed on her behalf. She also discovered "Blake Berry" did not exist and every settlement document she had received from Karriem was bogus.

### III. Chandler's Legal Malpractice Lawsuit

¶13. Chandler filed a legal malpractice action against Turner & Associates, Bennie Turner's estate, Lairy, and Karriem. The trial judge granted Chandler partial summary judgment on the issue of liability as to all defendants. And a successor trial judge[6] held a bench trial on damages. He awarded Chandler $50,000 in actual damages against all defendants jointly. He awarded $100,000 in punitive damages against Karriem.

¶14. The defendants appealed, and this Court assigned their appeal to the Court of Appeals. The Court of Appeals made three rulings:

> (1) The trial judge reversibly erred by granting partial summary judgment against Lairy because of genuine fact disputes as to whether Lairy was a member of the PLLC or independent contractor and whether Lairy actually worked on Chandler's case.

---

[6] The local circuit judges recused. This Court originally appointed Judge Henry Lackey as special judge. After Judge Lackey passed away, this Court appointed Judge Larry Roberts.

6

(2)     The trial judge reversibly erred by awarding $50,000 in compensatory damages because Chandler failed to support her damages claim with substantial evidence. Specifically, Chandler did not provide medical evidence to support her being totally temporarily disabled after May 2008.

(3)     The trial judge did not err by awarding punitive damages against Karriem in the amount of $100,000 because Karriem waived her claim that the trial judge failed to consider her net worth.

*Lairy*, 2021 WL 4566740, at **4-8.

¶15.    The Court of Appeals reversed and remanded on the first two issues and affirmed on the third. *Id.* We granted Chandler's petition for a writ of certiorari, which sought review of only one issue—the Court of Appeals' reversal of the compensatory-damages award. Thus, our opinion focuses solely on this issue. We do not disturb the other two rulings.

**Discussion**

¶16.    This Court has held that an attorney's failure to file an action within the prescribed statute of limitations is negligence as a matter of law. *Byrd v. Bowie*, 933 So. 2d 899, 904 (Miss. 2006) (citing *Hickox ex rel. Hickox v. Holleman*, 502 So. 2d 626, 635 (Miss. 1987), *superseded by rule on other grounds as stated in Miss. Transp. Comm'n v. McLemore*, 863 So. 2d 31, 35-36 (Miss. 2004); *Thompson v. Erving's Hatcheries, Inc.*, 186 So. 2d 756, 759 (Miss. 1966)). But that does not mean the former client automatically recovers damages. Such "negligence is actionable only where it is the proximate cause of the damages complained of . . . [, which] are usually the value of the claim lost or judgment suffered as an alleged result of the attorney's negligence . . . ." *Thompson*, 186 So. 2d at 759 (quoting 45 A.L.R. 2d § 5 (1956)).

7

¶17. This proximate-causation requirement is sometimes referred to as "the trial-within-a-trial test." *E.g.*, ***Trigg v. Farese***, 266 So. 3d 611, 621 (Miss. 2018). And it requires the former client to show that, "but for the negligence of the attorney, the client would have been successful in the prosecution or defense of an action." ***Thompson***, 186 So. 2d at 759 (quoting 7 Am. Jur. 2d *Attorneys at Law* § 188 (1963)). By reversing the $50,000 compensatory-damages award, the Court of Appeals essentially held that Chandler had failed the trial-within-a-trial test—that is, she failed to sufficiently prove that, had the firm she retained timely filed her workers' compensation claim, she would have recovered $50,000 in workers' compensation benefits. ***Lairy***, 2021 WL 4566740, at *7. But after review, we find the Court of Appeals missed the impact of the law firm's neglect on Chandler's ability not only to file but also to *prove* her workers' compensation claim. When this practical reality is factored in, we find the trial court's award is sufficiently supported by the evidence and should be affirmed.

**I. Due to her attorneys' negligence, Chandler lost her ability not only to file but also to prove her disability claim.**

¶18. In particular, the Court of Appeals appeared persuaded by Chandler's inability to prove she was entitled to temporary total-disability benefits beyond a couple of months because she did not provide medical evidence that her work-related injury kept her from working for two years. In other words, the Court of Appeals reversed the legal-malpractice damages award because, in its view, the client did not have sufficient medical evidence to support her workers' compensation claim.

¶19.    Were this a straight-up workers' compensation case, we might agree with the Court of Appeals. Indeed, recovery of workers' compensation benefits for temporary disability due to a work-related injury is exclusively governed by Mississippi's Workers' Compensation Law. *See* Miss. Code Ann. §§ 71-3-1 to -129 (Rev. 2021). And Section 71-3-7(1) does require that, "[i]n all claims in which no benefits, including disability, death and medical benefits, have been paid, the claimant shall file medical records in support of his claim for benefits when filing a petition to controvert." Miss. Code. Ann. § 71-3-7(1) (Rev. 2021).

¶20.    But this is *not* a workers' compensation case. This is a legal malpractice case. And it is at least partly due to the law firm's negligence—which is not in dispute—that Chandler was unable to obtain the required medical proof to be compensated by the Workers' Compensation Commission, had her claim been properly filed. This is a practical reality that both the Court of Appeals and the dissent miss.

¶21.    Chandler was injured at work in March 2008. She began physical therapy but discontinued in May 2008 due to her pregnancy. The Court of Appeals and the dissent fault Chandler for not seeing a doctor or physical therapist after May 2008 and for not providing any medical proof that she "remained under any work restrictions after May 2008." *Lairy*, 2021 WL 4566740, at *7. But Chandler retained Turner & Associates in August 2008. As she testified at trial, she did so specifically to navigate the workers' compensation claim process with which she was unfamiliar. As a practical matter, this representation would have certainly involved not only the timely filing her petition to controvert—which the firm undeniably did not do—but also guiding Chandler to the appropriate medical providers to

9

assess her disability. Karriem herself confirmed this. In her deposition, she testified that part of her role as case manager was to "follow clients *through their treatment process*." (Emphasis added.)

¶22. While the dissent finds it striking that Chandler never followed up with a physician about her work-related restrictions, Chandler explained why this was so. She testified she was unable to receive further treatment for her work-related injury following the birth of her child in October 2008 without her attorney's assistance. As she put it, her doctor kept giving her "the runaround," explaining she needed to go through her workers' compensation attorney. In other words, through Turner & Associates' undisputed negligence, Chandler lost not only the ability to *file* a workers' compensation claim but also the ability to *prove* her workers' compensation claim through sufficient medical evidence.

¶23. We find the Court of Appeals erred to the extent it overlooked this practical reality and faulted Chandler for not being able to do the very thing she hired Turner & Associates to do—help prove her workplace injury led to compensable total temporary disability.

**II. The trial judge applied the correct legal standard and supported his compensatory-damages award with substantial evidence.**

¶24. Even so, that does not mean Chandler was relieved of the burden to pass the trial-within-a-trial test. Chandler still had to show proximate cause—that had her workers' compensation claim been properly pursued, she would have been successful. *See Thompson*, 186 So. 2d at 759. For a workers' compensation claim to be successful, the employee must "show[] an accidental injury arising out of and in the course of employment and causal connection between the injury and the claimed disability." *Potts v. Lowery*, 242 Miss. 300,

10

308, 134 So. 2d 474, 476 (1961). Here, the trial judge, acting as the fact-finder, concluded that Chandler showed both.

¶25. First, the trial judge found that Chandler *undisputedly* suffered an on-the-job injury when she was struck by a forklift. And the record shows Chandler immediately sought medical treatment and submitted to the court medical records connecting her medical treatment to her on-the-job injury.

¶26. Next, the trial judge found that Chandler established her on-the-job injury caused her claimed disability. Chandler's testimony and medical records detailed the restrictions her treating physician placed on her, which kept Chandler from performing her normal employment tasks. While Chandler returned to work and performed secretarial duties, after three days, she was terminated because her employer had no real need for this type of work.

¶27. From this, the trial judge reasonably concluded that, had Chandler been represented by competent counsel, she would have been entitled to some workers' compensation benefits for lost wages due to her disability. At the time she was injured, Chandler's hourly wage was $14.75 per hour. If she had been temporarily totally disabled, she would have been entitled to sixty-six and two-thirds of her averaged weekly wage during the time of her disability. Miss. Code Ann. § 71-3-17(b) (Rev. 2021). Chandler testified that her workplace injury resulted in her inability to obtain any employment through 2010. Her legal malpractice attorneys tied this information to its calculation that she would have been entitled to $59,000 in benefits. The trial judge awarded her $50,000.

¶28. In **Thompson**, on which the Court of Appeals relied, this Court quoted hornbook law that "the damages claimed [in a failure-to-file legal malpractice case] are usually *the value of the claim lost or judgment suffered as an alleged result of the attorney's negligence*[.]" **Thompson**, 186 So. 2d at 759 (emphasis added) (quoting 45 A.L.R. 2d § 5 (1956)). Further, it is for the jury to "determine the collectability and value of the judgment" that would have been obtained but for attorney negligence. **Thompson**, 186 So. 2d at 760. In this bench trial, the trial judge acted in the role of jury. And he determined sufficient evidence existed to prove that, with competent legal counsel, Chandler would have obtained workers' compensation benefits or a settlement with her former employer. He further determined that, based on calculations provided by Chandler's attorney, $50,000 was the reasonable value of Chandler workers' compensation claim. That is all the law required.

¶29. "'A circuit court judge sitting without a jury is accorded the same deference with regard to his findings as a chancellor,' and his findings are safe on appeal where they are supported by substantial, credible, and reasonable evidence." **City of Jackson v. Perry**, 764 So. 2d 373, 376 (Miss. 2000) (quoting **Puckett v. Stuckey**, 633 So. 2d 978, 982 (Miss. 1993)). Here, the trial judge did not pull the $50,000 compensatory-damages award out of thin air. Instead, he made specific findings based on the evidence presented, which included medical records. Therefore, his decision should have been "safe on appeal." **Id.**

### Conclusion

¶30. The judgment of the Court of Appeals is reversed on the issue of compensatory damages, and the trial court's $50,000 compensatory-damages award is reinstated and

12

affirmed. We leave undisturbed the Court of Appeals' rulings on the two issues outside of our certiorari review. Thus, the trial court's $100,000 punitive-damages award against Karriem is affirmed. And the question of whether Lairy, as an individual, is jointly liable for the $50,000 compensatory-damages award is remanded to the trial court for further proceedings consistent with the Court of Appeals' judgment.

¶31. **THE JUDGMENT OF THE COURT OF APPEALS IS AFFIRMED IN PART AND REVERSED IN PART. THE JUDGMENT OF THE CLAY COUNTY CIRCUIT COURT IS REINSTATED AND AFFIRMED IN PART AND REVERSED IN PART, AND THE CASE IS REMANDED.**

**RANDOLPH, C.J., KITCHENS, P.J., BEAM, CHAMBERLIN, ISHEE AND GRIFFIS, JJ., CONCUR. COLEMAN, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY KING, P.J.**

**COLEMAN, JUSTICE, DISSENTING:**

¶32. The majority correctly states that the instant case sounds in legal negligence rather than workers' compensation. Maj. Op. ¶ 4. However, as discussed below, in order to prevail in her legal negligence claim, the plaintiff was required to prove that her underlying workers' compensation claim had value. She failed to produce sufficient evidence, as required by Mississippi's workers' compensation law, to do so. I therefore am of the opinion that the Court of Appeals correctly reversed the trial court's award of compensatory damages, and, with respect, I dissent.

¶33. In a legal-malpractice claim, "a plaintiff must prove by a preponderance of the evidence the existence of a lawyer-client relationship, negligence on the part of the lawyer in handling his client's affairs entrusted to him, and some injury proximately caused by the lawyer's negligence." ***Trigg v. Farese***, 266 So. 3d 611, 621 (Miss. 2018) (internal quotation

13

marks omitted) (quoting *Est. of St. Martin v. Hixson*, 145 So. 3d 1124, 1128 (Miss. 2014)). Without question, these elements are satisfied in the instant case. A relationship between Chandler and the firm, albeit a poor one, existed. The firm negligently handled her case—the case manager's blatant fraud glares the brightest example. Finally, because the statute of limitations expired, Chandler lost her opportunity to file her claim, resulting in injury. While the elements appear satisfied, it must be noted that the third element of proximate causation is elevated in legal malpractice claims.

¶34. "[A] plaintiff in a negligence-based malpractice action must establish proximate cause by the so-called "trial-within-a-trial" test. That is to say, the client "must show that, but for [his] attorney's negligence, he would have been successful in the prosecution or defense of the underlying action." *Trigg*, 266 So. 3d at 621 (¶ 24) (second alteration in original) (internal quotation marks omitted) (quoting *Wilbourn v. Stennett, Wilkinson & Ward*, 687 So. 2d 1205 (Miss. 1996); *Crist v. Loyacono*, 65 So. 3d 837, 842 (Miss. 2011)). Thus, Chandler must show that, but for the firm's negligence, she would have been successful in the pursuit of her workers' compensation claim. Per this trial-within-a-trial test, it appears Chandler would have been successful on at least *some* award from her workers' compensation claim now barred due to the firm's negligence.

¶35. The question is whether the $50,000 award for compensatory damages is substantiated by the evidence. The trial court and the majority assert that it was, focusing on Chandler's lack of employment following the accident as evidence that she would have received an

14

amount equal to more than two years of assistance from her workers' compensation claims. But the evidence does not truly support such a holding.

¶36. In cases in which the attorney's negligence consists of the failure to file a claim within the statue of limitations, "the damages claimed are usually the *value of the claim lost* or judgment suffered as an alleged result of the attorney's negligence[.]" ***Thompson v. Erving's Hatcheries, Inc.***, 186 So. 2d 756, 759 (Miss. 1966) (emphasis added) (quoting 45 A.L.R.2d § 5 (1956)). Because Chandler sought a workers' compensation claim, the relevant statutes dictate how her award should be computed. *See* Miss. Code Ann. § 71-3-17(b) (Rev. 2021) (compensation for temporary total disability); Miss. Code Ann. § 71-3-21 (Rev. 2021) (compensation for temporary partial disability).

¶37. Further, and of particular importance here, the statutes require medical findings to support the disability from which relief is sought. Under Mississippi. Code Section 71-3-3(i) (Rev. 2021) (emphasis added), "[d]isability" means incapacity because of injury to earn the wages which the employee was receiving at the time of injury in the same or other employment, which incapacity and *the extent thereof must be supported by medical findings*. Chandler fails to provide medical findings here that warrant an award equal to an amount for more than two years of assistance through her workers' compensation claims. Immediately after her injury in March 2008, Chandler visited the emergency room and eventually received consultation from one Dr. Clifton Storey. Dr. Storey placed Chandler under sedentary restrictions and prescribed physical therapy, though not indefinitely. Indeed, an end goal for her return to work after attending physical therapy sessions was set for May 9, 2008.

15

However, before that day came, Chandler discovered she was pregnant and ceased attending therapy sessions due to her inability to perform certain movements. Thereafter, even following the birth of her child for roughly two years, Chandler remained unemployed, often citing her inability to work physically demanding jobs due to the sedentary restrictions identified by Dr. Storey in March 2008. In addition, Chandler asserts she had never been cleared for work. Yet, strikingly, Chandler never consulted with Dr. Storey, or any other physician, regarding any update on her sedentary restrictions or work clearance

¶38. Accordingly, for two years Chandler relied upon Dr. Storey's sedentary restrictions without ever following up on such consultation, though admitting her back pain occurs ''every now and then' but her neck is fine now." *Lairy v. Chandler*, No. 2019-CA-01423-COA, 2021 WL 4566740, at \*6 (Miss. Ct. App. 2021). Chandler, and the majority both ignore the end goal set for her physical therapist for a return to work in May 2008 prior to the discover of her pregnancy. Such is the evidence the majority asserts as sufficient to support the $50,000 award as the value of her claim lost pursuant to *Thompson*.

¶39. In short, the medical findings do not support the award of $50,000. The majority would prefer hypothesizing that Chandler *could* have proved her injury lasted the two years awarded. This is not what the statutes require to prove a disability and, therefore, is not sufficient to make a *prima facie* case of legal malpractice. Without further consultation, Chandler has provided no proof to support an award of support for more than two years. At best, Chandler has provided medical proof of a disability that lasted for less than two whole

months. Indeed, "[t]here is no presumption that temporary total disability continues indefinitely." **Cooper's, Inc., of Miss. v. Long**, 224 So. 2d 866, 871 (Miss. 1969).

¶40. Finally, it is worth noting the majority's interpretation of the nature of this claim to determine the value of the claim lost pursuant to **Thompson**. Specifically, the majority rejects the Court of Appeals' analysis regarding compensatory damages under the workers' compensation statues because this is a legal malpractice claim. The majority contends that the Court of Appeals erred by applying the statutory requirements for a workers' compensation claim for the value of the claim lost since Chandler filed a legal malpractice claim.

¶41. But the value of the claim lost *is* specifically related to the workers' compensation statutes. The entire mathematical process adopted by the trial court, with which the majority agrees, is consistent with interpreting the statutes governing workers' compensation claims which led to the hypothetical $59,000 entitlement to benefits. Maj. Op. ¶ 27. Indeed, this formulation is how the trial court eventually decided $50,000 as the appropriate award and did not pull the amount "out of thin air." Maj. Op. ¶ 29. If true, then this Court should also consider that the workers' compensation claim requires medical findings to support the $50,000 award which Chandler failed to do.

¶42. Undoubtedly,

> if the trial judge's findings of fact are supported by substantial, credible and reasonable evidence, we must afford deference to these findings on appeal and thus, we will not disturb the trial judge's findings of fact "unless they are manifestly wrong, clearly erroneous or an erroneous legal standard was applied."

17

*Upchurch Plumbing, Inc. v. Greenwood Utils. Comm'n*, 964 So. 2d 1100, 1107 (Miss. 2007) (quoting *City of Jackson v. Perry*, 764 So. 2d 373 (Miss. 2000)). Here, the medical findings do not support receiving benefits for more than two years. Therefore, the trial judge erred by awarding $50,000 in compensatory damages. The Court of Appeals recognized the trial court's error: the trial court granted an award of damages roughly equal to more than two years of assistance rather than the medical proof that only supports roughly two months. *Lairy* 2021 WL 456740, at * 9. As such, I agree with the Court of Appeals and would reverse the trial court's judgment. Accordingly, and respectfully, I dissent.

**KING, P.J., JOINS THIS OPINION.**